**UNITED STATES of America, Appellee,**

v.

**Luis Fernando CORREA–VARGAS, Defendant–Appellant.**

**No. 68, Docket 88–1167.**

United States Court of Appeals, Second Circuit.

Argued Sept. 1, 1988.

Decided Oct. 18, 1988.

Joel B. Rudin, New York City (Mass & Rudin, Dana A. Roth, of counsel), for defendant-appellant.

David W. Shapiro, Brooklyn, N.Y., Asst. U.S. Atty. for E.D.N.Y. (Andrew J. Maloney, U.S. Atty. for E.D.N.Y., David C. James, Asst. U.S. Atty., of counsel), for appellee.

Before FEINBERG, Chief Judge, CARDAMONE and PRATT, Circuit Judges.

FEINBERG, Chief Judge:

Luis Fernando Correa–Vargas appeals from a sentence of Judge Sifton of the United States District Court for the Eastern District of New York, imposed upon him for violation of 21 U.S.C. § 843(b), which prohibits use of a communication facility in the commission of a drug offense. The judge imposed the statutory maximum of 48 months, well over the recommended range of imprisonment for this offense in the Sentencing Guidelines. The judge justified his upward departure from the Guidelines by the quantity of narcotics involved. Appellant claims that this was improper. For reasons given below, we affirm the judgment of the district court.

### Background

In late 1987, agents of the Drug Enforcement Administration (DEA) received information from an informant that a drug transaction was to take place at the Howard Johnson Plaza Hotel in Plainview,

New York. The next day, a DEA agent observed a man walking back and forth behind the hotel when Correa–Vargas drove into the parking lot. After a short conversation, the man took a large cardboard box from the trunk of his car, placed it into Correa–Vargas's car, and Correa–Vargas handed him a quantity of cash. DEA agents blocked Correa–Vargas as he attempted to leave the parking lot. Subsequent investigation showed that the box contained 20 kilos of 87 per cent pure cocaine. The agents also found an expensive cellular telephone in Correa–Vargas's car.

Correa–Vargas was initially indicted on one count, charging conspiracy to possess with intent to distribute in excess of five kilos of cocaine, 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and on a second count, charging possession of the cocaine, 21 U.S.C. § 841(a)(1) and (b)(1)(A). In order to protect a confidential informant, we are told, the government agreed to accept a guilty plea to a one-count superseding information charging Correa–Vargas only with using a communication facility in the commission of a drug offense, 21 U.S.C. § 843(b).

Because the offense took place after November 1, 1987, the Sentencing Guidelines apply to this case. See Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 235(a)(1), 98 Stat. 2031, amended by Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728, and Sentencing Act of 1987, Pub.L. No. 100–182, § 2(a), 101 Stat. 1266. The applicable guideline for a violation of 21 U.S.C. § 843(b) recommends a sentence of from six to twelve months. Sentencing Guidelines § 2D1.6.[1] At the sentencing hearing, Judge Sifton departed from the guideline and imposed the statutory maximum of 48 months, because he considered the quantity of cocaine to be an aggravating circumstance. This appeal, pursuant to 18 U.S.C. § 3742(a)(3)(A), followed.

## Discussion

We note at the outset that appellant has not challenged the constitutionality of the Sentencing Guidelines, an issue that has already been argued to the Supreme Court and to this court. Turning to the issues before us, the Sentencing Reform Act of 1984 provides the statutory standard for reviewing sentences. Section 213(a) of the Act provides, in relevant part:

(d) Consideration.—Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the range of the applicable sentencing guideline, and is unreasonable, having regard for—

(A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and

(B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous.

18 U.S.C. § 3742(d).

The parties here agree that the district judge properly used the correct guideline in deciding what sentence to impose. The controversy is over whether the judge used an impermissible factor in departing from the Guidelines. Therefore, the ultimate question is whether, in the language of subsection (d)(3) just quoted, the sentence

---

**1.** Under Sentencing Guidelines § 2D1.6, use of a communication facility in committing a drug offense has a base offense level of 12. Because Correa–Vargas accepted responsibility for the crime, the offense level was reduced by two, making Correa–Vargas's offense level a 10. The Sentencing Table, Sentencing Guidelines at p. 5.2, recommends a six to twelve month sentence for offenses with base level 10 where, as in this case, the defendant has no prior history of crime.

is "unreasonable." Appellant claims that it is, for a number of reasons.

Appellant argues that the district court incorrectly relied on the large quantity of cocaine found in his possession to depart from the Guidelines. Although the Guidelines recommend different offense levels based on the quantity of drugs with most drug-related offenses, they do not follow a similar graduated approach with the quantity of drugs underlying telephone counts. Compare Sentencing Guidelines § 2D1.1(a)(3) and § 2D1.6. Appellant claims that this disparity shows that the Commission considered quantity as an aggravating factor in some offenses but rejected that approach for telephone-count offenses. He also argues that the judge used a real-offense method in sentencing him for conduct for which he was not convicted, rather than the charge-offense method adopted in the Guidelines. Finally, appellant argues that the departure from the applicable guideline because of quantity will undermine uniformity in sentencing, one of the central purposes of the Guidelines, because each district court will apply its own "sliding scale" to telephone-count offenses, depending upon the amount of drugs involved.

Section 212(a)(2) of the Sentencing Reform Act of 1984, as amended, provides that a sentencing court can impose a sentence outside the range established by the applicable guideline, only if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines[.]" 18 U.S.C. § 3553(b). Thus, in writing its "initial set" of Guidelines, the Commission recognized that "in principle ... by specifying that it had adequately considered a particular factor [it] could prevent a court from using [that factor] as grounds for departures." However, the Commission then specifically stated that, with some exceptions not relevant here, it did not intend to limit a sen-

tencing court's departure power by foreclosing consideration of any factor. Thus, it stated:

> The Commission has adopted this departure policy [of not limiting the factors a Court may consider] for two basic reasons. First is the difficulty of foreseeing and capturing a single set of guidelines that encompasses the vast range of human conduct potentially relevant to a sentencing decision. The Commission also recognizes that in the initial set of guidelines it need not do so. The Commission is a permanent body, empowered by law to write and rewrite guidelines, with progressive changes, over many years. By monitoring when courts depart from the guidelines and by analyzing their stated reasons for doing so, the Commission, over time, will be able to ' create more accurate guidelines that specify precisely where departures should and should not be permitted.

Sentencing Guidelines, Chapter One, Part A, § 4(b) at pp. 1.6–1.7.[2] Consistent with this approach, there is no place in the Guidelines where the Commission states that it has rejected quantity as a factor in sentencing telephone-count offenders.

The most applicable policy statement in the Guidelines also gives a district court wide discretion in determining which circumstances to take into account in departing from the Guidelines. Section 5K2.0, which deals with grounds for departing from the Guidelines, provides:

> Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance. The controlling decision as to whether and to what extent departure is warranted *can only be made by the court at the time of sentencing....* Any case may involve factors in addition to those identified that have not been given adequate consideration by the Commission. Presence of any such factor may warrant departure from the

---

**2.** We quote from the Sentencing Guidelines as they read today. Although some language in the Guidelines has changed since the offense took place, we do not believe that such changes have any effect on the issues presented in this case. The changes in the sections pertinent to this case merely clarify the intent underlying the Guidelines as originally promulgated.

guidelines, under some circumstances, in the *discretion* of the sentencing judge. Similarly, the court may depart from the guidelines, even though the reason for departure is listed elsewhere in the guidelines (e.g., as an adjustment or specific offense characteristic), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate....

[A] factor may be listed as a specific offense characteristic under one guideline, but not under all guidelines. *Simply because it was not listed does not mean that there may not be circumstances when that factor would be relevant to sentencing.* For example, the use of a weapon has been listed as a specific offense characteristic under many guidelines, but not under immigration violations. Therefore, if a weapon is a relevant factor to sentencing for an immigration violation, the court may depart for this reason. (Emphasis supplied).

Appellant contends that his arguments to us are based upon familiar principles of statutory interpretation that we should follow, i.e., the "statute"—Sentencing Guidelines § 2D1.6—in its "plain language" makes no provision for augmenting the sentence based upon the quantity of drugs involved; drug quantity is made the principal consideration for numerous offenses in Title 21 of the U.S. Code, but is omitted in considering violations of § 843(b), showing a purposeful omission; and ambiguity in a penal statute should be resolved in favor of a defendant. There is no doubt that these principles are well recognized and sound as general propositions. But, in the context of this appeal, the Commission's "policy statement" is also part of the same "statute." And, we do not see how the general principles of statutory interpretation cited to us can control in the face of a directly contrary policy statement. Based on the clear language of the latter, the district court is free to take quantity into account as an aggravating circumstance in sentencing telephone-count offenses even though it is not mentioned in Sentencing Guidelines § 2D1.6, but is a characteristic factor for other drug-related offenses. Appellant's conclusion that the Commission must have rejected the factor purposefully is undermined by the Commission's own statements.

Appellant contends that the example in § 5K2.0, quoted above, shows that the Commission thought only unusual circumstances can justify a departure, and the quantity of drugs does not fit into that category since it is always an underlying factor in a § 843(b) offense. The Commission's example refers to use of a weapon in an immigration violation, and notes that such use could be an aggravating factor in sentencing for the violation, even though use of a weapon is not specifically listed as a factor. Although appellant's argument is forceful, we believe that the Commission's language in the policy statement itself shows that it did not intend to limit the district judge's discretion with this example. In any event, quantity of drugs will not always be an aggravating factor in telephone-count offenses. In some such cases, the quantity of drugs may be irrelevant or unknown, and for this reason, the Commission may have omitted it as an offense characteristic. In this case, however, the quantity of drugs found in Correa–Vargas's possession—20 kilos—was very large, making this a sufficiently unusual case to merit departure from the Guidelines pursuant to § 5K2.0.

Appellant argues that the district court incorrectly used a real-offense method in sentencing him—looking to his actual conduct in the drug transaction—rather than the charge-offense method adopted in the Guidelines, which, he claims, limits the sentencing court to consideration of the offense of conviction. While we recognize that the Guidelines basically adopt a charge-offense method, they contain sufficient elements of the real-offense method to allow the district court in this case to look to the actual facts in determining sentence. Thus, the Guidelines point out that:

> The Commission ... has moved closer to a "charge offense" system. The system is not, however, pure; it has a number of real elements ...

Sentencing Guidelines, Chapter One, Part A, § 4(a), at p. 1.5.

Guidelines § 1B1.4 allows the court to consider "any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." In the official commentary to this section, the Commission states:

> For example, if the defendant committed two robberies, but as part of a plea negotiation entered a guilty plea to only one, the robbery that was not taken into account by the guidelines would provide a reason for sentencing at the top of the guideline range. In addition, information that does not enter into the determination of the applicable guideline sentencing range may be considered in determining whether and to what extent to depart from the guidelines.

Sentencing Guidelines § 1B1.4 commentary (codified in United States Sentencing Commission, Guidelines Manual p. 1.20 (1988) (hereafter "Guidelines Manual")). Clearly, then, a district judge may consider a factor not taken into account in determining the guideline range to sentence at the top of that range. By analogy, we believe that a district judge may also take a similar factor into consideration in deciding to exceed the guideline range and impose the maximum sentence allowed under the relevant statute.

The district judge's action in this case is also supported by the practical basis underlying Guidelines § 1B1.2, as the judge noted in sentencing Correa–Vargas. That section instructs the court to sentence under the guideline applicable to the facts stipulated in a guilty plea if the stipulation establishes a more serious offense than the offense of conviction, although the sentence is limited to the maximum authorized by the statute under which the defendant is convicted. Thus, the government argues that the applicable range for the crimes with which appellant was originally charged, which involved 20 kilos of cocaine, was between 12½ and 15½ years. The commentary to § 1B1.2 points out that:

> In cases where the elements of an offense more serious than the offense of conviction are established by the plea, it may unduly complicate the sentencing process if the applicable guideline does not reflect the seriousness of the defendant's actual conduct.

Guidelines Manual p. 1.16. There was no plea agreement with stipulated facts in this case. Nevertheless, Correa–Vargas did not dispute in the district court, and does not in this court, the government's statement as to the amount of cocaine involved. However, the district judge was obviously aware that he could not sentence under the guideline applicable to the original charge, and was limited by the statutory maximum for telephone-count offenses. But the policy underlying Guidelines § 1B1.2 suggests that the judge could take into account the great quantity of drugs found on Correa–Vargas, and exceed the recommended guideline.

Finally, appellant claims that departure from the Guidelines in cases such as this will undermine the congressional goal of uniformity in sentencing. See 28 U.S.C. § 991(b)(1)(B). We note that the statutory goal is "avoiding *unwarranted* sentencing disparities ..." (emphasis supplied). Nevertheless, appellant's argument still has force in the sense that the more departures there are from the Guidelines the less they will control, and deviations according to quantity, as each district judge sees fit, could lead to many departures. However, contrary to defendant's belief, we do not think that quantity will be an aggravating circumstance in every telephone-count case. Moreover, the question arises as to what definition of uniformity is the norm. Uniformity need not always be a grouping of similar sentences for the same charged offense. It must be remembered that plea bargaining, which the prosecutor largely controls, can bring about a huge difference in the sentences imposed for approximately the same conduct. In this case, for example, the difference could be between a range of 12.5–15.5 years for Correa–Vargas's conduct, as the government argues, and the sentence imposed of four years, or the difference could be between 12.5–15.5 years and a range of 6–12 months. From that perspective, a sentence of 6–12 months

creates more discrepancy and is, therefore, much less "uniform" than a sentence of four years. Allowing judges to ameliorate to some extent the skewing occasioned by plea bargaining may well carry out the intent of the statute. A rigid refusal to allow judges to depart from the Guidelines in this situation simply always transfers discretion from the district judge to the prosecutor, a result that we believe Congress did not intend. In any event, we cannot say, in the language of 18 U.S.C. § 3742, that the district judge's sentence here was "unreasonable."

The Commission and the courts remain in a dynamic relationship regarding the Guidelines. The Commission retains the power to preclude departure for certain factors by stating that they have taken such factors into consideration in developing the Guidelines, 18 U.S.C. § 3553(b); 28 U.S.C. § 994(*o*). If the Commission finds, after decisions are reached in a sample of cases, that departure from the guideline for telephone-counts on the basis of quantity of drugs is inconsistent with the goals of the statute, it may limit such discretion. However, because this is the first decision in this court dealing with this aggravating circumstance on this crime, we prefer to allow the district courts to exercise their sound judgment in departing from the Guidelines, rather than impose rigid adherence to a table of numbers. Only by allowing the district courts sensible flexibility can we promote the equally important purposes of just punishment, respect for the law and adequate deterrence set forth in the Sentencing Reform Act. See 18 U.S.C. § 3553(a)(2) and 28 U.S.C. § 991(b)(1)(B).

JUDGMENT AFFIRMED.