UNITED STATES of America, Appellee,

v.

Tyrone STURGIS, Defendant–Appellant.

No. 1367, Docket 88–1131.

United States Court of Appeals,
Second Circuit.

Argued July 22, 1988.

Decided Feb. 15, 1989.

Jonathan W. Feldman, Rochester, N.Y. (Geraci & Feldman, Rochester, N.Y., of counsel), for defendant-appellant.

Bradley Tyler, Asst. U.S. Atty., Rochester, N.Y. (Dennis C. Vacco, U.S. Atty. W.D.N.Y., Rosemary G. Roberts, Asst. U.S. Atty., of counsel), for appellee.

Before ALTIMARI and MAHONEY, Circuit Judges, and KORMAN, District Judge.*

ALTIMARI, Circuit Judge:

This appeal involves defendant-appellant's post-guilty plea motion challenging the constitutionality of the Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 *et seq.* and 28 U.S.C. §§ 991–98 (the "Act"), as well as the sentence imposed under the Act by Judge Larimer of United States District Court for the Western District of New York which constituted an upward departure from the applicable "Criminal History Category" of the new Sentencing Guidelines. Although we agree with appellant that the district court erred in declining to consider his motion, given the Supreme Court's recent decision in *Mistretta v. United States,* — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989), appellant's claim has now been resolved in favor of the Act's constitutionality. As for the propriety of the sentence imposed under the Act, we conclude that upward departure was a reasonable exercise of the district court's discretion and, therefore, affirm the judgment of conviction and sentence in all respects.

## BACKGROUND

Defendant-appellant Tyrone Sturgis pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). The bank robbery took place on November 13, 1987 at the Columbia Banking Federal Savings and Loan Association in Rochester, New York. Following his arrest, defendant entered into plea negotiations with the government. A plea agreement was reached in which

defendant agreed to waive indictment and plead guilty to one count of a five-count felony information, and the government in turn agreed, *inter alia,* to recommend to the district court that certain upward adjustments not be made to the sentencing guideline applicable in defendant's case. However, as part of the plea agreement, defendant also stipulated to the facts of a second bank robbery for which he had been arrested and charged in order to allow that crime to be computed in defendant's offense level score under the Act. Under the government's recommendation, the sentencing range as per the guidelines would have been 37–46 months. *See* United States Sentencing Commission, *Sentencing Guidelines and Policy Statements,* at p. 5.2 (1987) (hereinafter "Sentencing Guidelines") (offense level 19, Criminal History Category III); *id.* § 2B3.1 (base offense level for robbery is 18, "add 1" for loss to financial institution of "$2,501–$10,000"); *see also United States v. Bermingham,* 855 F.2d 925, 927 (2d Cir.1988). The plea agreement expressly stated that the court was not bound to accept the government's recommendation and that in the event the court decided to impose a sentence which would constitute an upward departure from the guidelines, "then the defendant may withdraw his plea of guilty." App. at 18; *cf.* Fed.R.Crim.P. 11(e).

On January 29, 1988, defendant pleaded guilty. The presentence report indicated that upward departure would be appropriate since defendant's Criminal History Category "underrepresent[ed]" the seriousness of his criminal record. Specifically, the presentence report noted that defendant had pleaded guilty to two state felonies but that these convictions were not figured into the criminal history calculation because defendant had not yet been sentenced. The guidelines also did not take into account the fact that the two bank robberies were committed by the defendant after he had been released and while await-

* The Honorable Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

ing sentence on the two prior felony convictions.

On March 22, 1988, defendant appeared in federal court for sentencing. At that time, the court advised defendant that it would not accept the plea agreement and that it intended to impose a sentence above the 37–46 month range. The court then adjourned the sentencing until March 29, 1988 to allow the defendant time to decide whether to withdraw his guilty plea.

On March 28, 1988, defendant filed a motion challenging the constitutionality of the Act. The next day, defendant again appeared for sentencing and asked that the court accept his plea and impose sentence. Judge Larimer first declined to consider defendant's motion, indicating that defendant's constitutional challenge to the Act was foreclosed by his guilty plea. The court then accepted the plea, departed from Criminal History Category III to Category V and imposed a sentence of 60 months imprisonment (within the 57–71 month range) followed by a three-year term of supervised release and the mandatory $50 special assessment.

## DISCUSSION

■ Preliminarily, we note that the government conceded in its brief and at oral argument that the district court erred in not ruling on defendant's motion challenging the Act's constitutionality. Entry of a plea of guilty does not constitute a waiver of defendant's right to contest the validity of the sentencing statute. *See United States v. Estrada*, 680 F.Supp. 1312, 1315 (D.Minn.1988) (defendant has standing to challenge constitutionality of guidelines after he pleads guilty or is found guilty). Nevertheless, on the merits of defendant's constitutional claim, we are of course bound by the Supreme Court's recent holding in favor of the Act's constitutionality. *See Mistretta v. United States*, —— U.S. ——, 109 S.Ct. 647, 661, 102 L.Ed. 2d 714 (1989).

Regarding the sentence imposed by the district court, the Act provides that the sentencing judge "shall impose a sentence ... within the range [as set forth in the Sentencing Guidelines] unless the court finds that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described." 18 U.S.C. § 3553(b) (Supp. III 1985), *amended by* 18 U.S.C. § 3553(b) (Supp. IV 1986) (effective for offenses committed after December 7, 1987) (amended to read "... unless the court finds that there exists an aggravating or mitigating circumstance *of a kind, or to a degree,* not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.") (emphasis added). Section 4A1.3 of the Sentencing Guidelines provides that "[i]f ... the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." Factors to be considered when making this determination include, *inter alia,* "whether the defendant was pending ... sentencing ... on another charge at the time of the instant offense" and whether the instant offense was committed "while on bail or pretrial release for another serious offense." Sentencing Guidelines §§ 4A1.3(d), 4A1.3(4).

This court recently has had occasion to examine the departure authority of a sentencing judge under the Sentencing Guidelines. *See United States v. Correa–Vargas*, 860 F.2d 35 (2d Cir.1988); *see also United States v. Guerrero*, 863 F.2d 245 (2d Cir.1988). In *Correa–Vargas*, we emphasized the "wide discretion" accorded district courts in determining what circumstances to take into account in deciding whether to depart from the guidelines. 860 F.2d at 37; *see* Sentencing Guidelines § 5K2.0 ("controlling decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing"); *see also* 28 U.S.C. § 991(b)(1)(B) (purpose of guidelines is to

avoid *"unwarranted* sentencing disparities" among similarly situated defendants) (emphasis added). We also noted that district courts may "exercise their sound judgment in departing from the Guidelines" when necessary to account for factors not reflected in the applicable guideline range. 860 F.2d at 40. Consistent with the scope of review on appeal which is limited to deciding whether a sentence imposed outside the guideline range is "unreasonable," 18 U.S.C. § 3742(d)(3), we previously have decided that it is best to allow district judges "sensible flexibility" in sentencing under the new act. 860 F.2d at 40; *accord Guerrero,* 863 F.2d at 250–51.

■ In this case, Judge Larimer set forth on the record in specific detail his reasons for upward departure. *See* 18 U.S.C. § 3553(c). The court found that based upon defendant's recent criminal history, *i.e.,* two pending felony convictions as well as three prior misdemeanor arrests (satisfied by one of the two felony convictions) all within two months of the instant offense, defendant was "likel[y] ... [to] commit other crimes." Sentencing Guidelines § 4A1.3. In addition, the court found the non-inclusion of defendant's pending felony convictions significantly underrepresented the seriousness of his criminal history. These findings are supported by the record and are not, in any event, clearly erroneous. *See* 18 U.S.C. § 3742(d).

Moreover, the district court's decision, based upon its findings, to depart from the applicable guideline range cannot be said to have been unreasonable. *See id.* § 3742(d)(3). Had the defendant been sentenced on the pending state felonies prior to the imposition of the federal sentence, his criminal history category, as indicated by the district court, would have been increased from Category III to V warranting a sentence of from 57 to 71 months. Accordingly, we conclude that the imposition of a sentence of 60 months was not unreasonable under the particular circumstances of this case and, therefore, affirm the judgment and sentence of the district court.