UNITED STATES of America, Appellee,

v.

Jesus PALTA, a/k/a "Jesus Antonio Palta Morales", a/k/a "Luis Eduardo Toro", and Edison A. Marmolejo, Defendants–Appellants.

Nos. 1122, 1233, Dockets 89–1051, 89–1057.

United States Court of Appeals, Second Circuit.

Argued May 16, 1989.

Decided July 10, 1989.

Maurice H. Sercarz, New York City, for defendant-appellant Jesus Palta.

Jorge DeJ. Guttlein, New York City (Aranda & Guttlein, New York City, of counsel), for defendant-appellant Edison A. Marmolejo.

David B. Fein, Asst. U.S. Atty., New York City (Benito Romano, U.S. Atty. for the Southern District of New York, Celia G. Barenholtz, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before LUMBARD, PRATT, and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Defendants Jesus Palta and Edison A. Marmolejo appeal sentences imposed under

the Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 *et seq.* and 28 U.S.C. §§ 991–98, (the "Act"), following judgments of conviction by guilty pleas entered in the United States District Court for the Southern District of New York (Kevin T. Duffy, *Judge*). On this appeal, neither of the defendants challenges the underlying conviction, but both now argue that the district court erred in imposing sentence. Specifically, Palta contends that the district court's imposition of concurrent twenty-five year terms of imprisonment was unreasonable. Marmolejo contends that the district court improperly failed to rule on his objections to his presentence report and to make explicit factual findings in regard to his objections.

Since we agree with both defendants' contentions, the sentences are vacated and remanded to the district court for resentencing consistent with this opinion.

### BACKGROUND

On July 14, 1988, Jesus Palta accompanied by Edison Marmolejo went to 79th Street and Riverside Drive in Manhattan to transact a previously arranged purchase of cocaine with an undercover agent and a confidential informant of the Drug Enforcement Administration ("DEA"). While Palta took the DEA informant to his automobile to show him the cocaine, Marmolejo went with the undercover agent to inspect the money. Before the transaction could be completed, Marmolejo refused to view the money and attempted to flee. Palta and Marmolejo were then arrested. A search of Palta's automobile revealed two kilograms of cocaine, a .32 caliber revolver and three small plastic bags of cocaine. Two more plastic bags of the drug were found on Palta's person.

Pursuant to plea agreements with the government, Marmolejo and Palta entered guilty pleas before Judge Duffy on October 11 and October 12, 1988 respectively. Both defendants pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. In addition, Palta alone entered a guilty plea to pos-

sessing with intent to distribute approximately two kilograms of cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B).

As sentences were to be imposed on November 30, 1988, presentence reports were prepared for both defendants. *See* 18 U.S.C. § 3552(a). Shortly before the sentencing date arrived, it was discovered that Jesus Palta was in reality Luis Eduardo Toro, an illegal alien with a prior narcotics-related felony conviction. Accordingly, the sentencing date was adjourned in order for an accurate presentence report to be prepared. Palta's second presentence report accounted for his prior narcotics conviction, his violation of parole, and his attempt to shield his true identity by providing false information during preparation of the first presentence report. Palta received a base offense level of 28 points for attempting to sell two kilograms of cocaine. *See* United States Sentencing Commission, *Guidelines Manual* § 2D1.1(a)(3) (rev. ed. 1988) ("*Guidelines Manual*"). The base level was increased two levels for possession of a firearm, *see id.* § 2D1.1(b)(1), and an additional two levels for willfully impeding and obstructing the administration of justice by supplying false information, *see id.* § 3C1.1. Palta received a two-level reduction for his acceptance of responsibility, *see id.* § 3E1.1., resulting in an offense level of 30. Additionally, Palta's prior narcotics conviction and parole violation resulted in a criminal history category of III, *see id.* § 4A1.1. and 4A1.2. Under the report's recommendation, the sentencing range as per the guidelines was set at 121 to 151 months. Defense counsel did not contest this recommendation.

Marmolejo's presentence report set a base offense level at 28 points for attempting to sell two kilograms of cocaine, with a two-level increase since a firearm was possessed at the time of the offense, *see Guidelines Manual* § 2D1.1(a)(3) and § 2D1.1(b)(1). He received a two-level reduction since he was deemed a "minor" participant in the criminal activity, *see id.* § 3B1.2(b), and a further two-level reduction for his acceptance of responsibility, *see*

*id.* § 3E1.1. Since Marmolejo had no prior criminal history, his criminal history category, I, when matched with the offense level total, 26, resulted in a guideline range of 63 to 78 months.

At Palta's sentencing, on the morning of January 25, 1989, the government indicated it had nothing to add to the presentence report, and defense counsel stated no objection. Despite the report's recommendation of 121–151 months, Palta received two concurrent terms of 25 years (300 months) imprisonment. In imposing sentence, the district court explained:

> You know it amazes me. Here you are you come into the country you claim you're a mule and you get caught and sentenced. I would assume that would teach you. But you can't do that. No, you go and do it again. You do it again and finally you get caught again.
>
> Now, the second time you figure, hey, I've got a wonderful out, I'm no longer me, I'm somebody else and you continued to lie and you continued to lie and you played basically with the entire justice system and you say that the justice system of the United States stinks. I will play with them. Well, you got caught.
>
> This is a case where the guidelines don't apply. The guidelines apply to people who get caught and who do not think that the system of justice is a plaything.... I will not designate you to Danbury. I would think that Leavenworth would be a better place for you.... INS is to be notified if and when he is ever released alive so that he can be immediately deported back to Colombia.

*Palta Sentencing Transcript* at 4–5. Defense counsel at once noted his exception to the sentence, indicating that the presentence report had already accounted for Palta's obstruction of the investigation. The district court responded:

> The legislature did not make up the guidelines. The commission did. Now, if you're suggesting that there's some kind of constitutional violation, forget it. A commission made up these guidelines.

They are a bunch of sociologists, with one district judge in the group.

*Id.* at 7.

Later that same day, Marmolejo appeared before the court for sentencing. Defense counsel requested an adjournment so that objections to the guideline calculation set forth in the presentence report could be considered. The previous day, January 24, 1989, defense counsel had informed the court of his objections by hand-delivered letter. The district court refused to adjourn the proceedings. Both in the letter and at the sentencing, defense counsel pointed to several unresolved factual disputes regarding Marmolejo's level of participation in the attempted drug deal. The district court made no findings of fact to resolve the disputes. Instead, the court implied several times that adjournment would not be granted since the defendant was running a drug business while incarcerated at the Metropolitan Correctional Center:

> One of the problems that we continually face is a recognition that in the real world in which we live, the fact that the defendant may be incarcerated does not necessarily mean that they stop their illegal activities particularly when we are dealing with defendants who are involved with narcotics....
>
> The fact is the Metropolitan Corrections Center in New York is the hub of these activities and the defendants will pay large amounts to their attorneys to stay there so that they are not shipped out....
>
> This is another chance to have this man perhaps run his business from the MCC.

*Marmolejo Sentencing Transcript* at 2–3, 10. The court also incorrectly referred to Marmolejo as an illegal alien. *Id.* at 10. The district court accepted the presentence report over defense counsel's objections and sentenced Marmolejo to 78 months of imprisonment, the maximum within the guideline range.

Both defendants now appeal their sentences pursuant to 18 U.S.C. § 3742(a).

## DISCUSSION

An examination of the legislative history of the Act demonstrates that among Congress' primary intentions was the elimination of "unwarranted sentencing disparity" in the federal courts. S.Rep. No. 225, 98th Cong., 2d Sess. 52, *reprinted in* 1984 *U.S. Code Cong. & Admin.News* 3182, 3235 (*"Senate Report"*). The "Introduction" to the *Guidelines Manual* states one of the basic objectives of the Act: "Congress sought *uniformity* in sentencing by narrowing the wide disparity in sentences imposed by different federal courts for similar criminal conduct by similar offenders." *Guidelines Manual,* at 1.2 (emphasis in original). With this basic objective of the Act in mind, we now turn to each defendant's claim.

### I.

 Defendant-appellant Palta argues that the district court abused its discretion by imposing an unreasonable sentence of imprisonment in excess of the maximum term recommended pursuant to the sentencing guidelines. The Act provides that the district court shall impose sentence within the applicable sentencing range recommended pursuant to the guidelines "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). Consistent with this approach, we have recently held that a district court is granted "wide discretion" in determining what aggravating or mitigating circumstances to consider when deciding upon an upward departure from the guidelines. *United States v. Sturgis,* 869 F.2d 54, 56 (2d Cir.1989); *United States v. Correa–Vargas,* 860 F.2d 35, 37 (2d Cir. 1988). We have also held that on appellate review of a district court's upward departure from the guidelines, the ultimate question is whether the sentence is reasonable. *See Correa–Vargas,* 860 F.2d at 36–37. *See also* 18 U.S.C. § 3742(e)(3).

 In light of the standard of appellate review that an upward departure be reasonable, we allow "sensible flexibility" to district courts in sentencing under the Act. *Sturgis,* 869 F.2d at 57; *accord, United States v. Guerrero,* 863 F.2d 245, 250–51 (2d Cir.1988); *Correa–Vargas,* 860 F.2d at 40. Thus, the question before us on this appeal is whether the district court's exercise of discretion in deciding upon an upward departure reflected sensible flexibility and resulted in a reasonable sentence. We conclude that it did not.

A search of the record in this case reveals that the district court apparently thought an upward departure was justified on the grounds that Palta's attempt to conceal his identity amounted to an aggravating or mitigating circumstance not considered in the formulation of the guidelines. The district court, in fact, stated that: "This is a case where the guidelines don't apply." *Palta Sentencing Transcript* at 5. To the contrary, the Sentencing Commission specifically formulated a provision that contemplates a defendant's impeding or obstructing the administration of justice. *See Guidelines Manual* § 3C1.1. When the probation department prepared Palta's second presentence report, it expressly relied on this provision to account for Palta's attempt to shield his true identity. Accordingly, Palta's base level offense was increased by two levels. In addition, the second presentence report accounted for Palta's prior conviction and parole violation and raised his criminal history category from I to III. Consequently, Palta's second report represented a substantial increase with a recommendation of 121 to 151 months imprisonment.

Despite the fact that Palta's misconduct was accurately accounted for pursuant to the guidelines, it would have been within the discretion of the district court to find that an upward departure was nonetheless warranted. The departure provision contained in 18 U.S.C. § 3553(b) was revised to read "an aggravating or mitigating circumstance of a kind, or *to a degree,* not adequately taken into consideration." *See Statement by President Ronald Reagan Upon Signing S. 1822, reprinted in* 1987 *U.S. Code Cong. & Admin.News* 2135, 2136

(emphasis added). Section 5K2.0 of the *Guidelines Manual* elucidates the policy behind the departure provision. The section provides that a court may depart even though the Sentencing Commission in formulating the guidelines has considered and listed a particular kind of misconduct. A district court's decision to depart will be warranted "if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." *Id.* Thus, where the guidelines take into consideration a specific form of misconduct, departure will be warranted only if the district court finds that "unusual circumstances" in a particular case warrant an upward departure from the pertinent guideline provision. *See Correa–Vargas,* 860 F.2d at 37–38.

Beyond stating that Palta "played" with the criminal justice system, the district court proffered no indication as to what unusual circumstances in this case rendered the two-level increase formulated in section 3C1.1 inadequate. Although an upward departure may be warranted pursuant to the departure provision of 18 U.S.C. § 3553(b), the district court has failed to state any sufficient reason for a departure. We have recently held that, "a sentencing judge must articulate the grounds for any departure." *United States v. Cervantes,* 878 F.2d 50 (2d Cir.1989). In the absence of such a finding, the court's rejection of the guidelines and imposition of two concurrent 25 year terms of imprisonment seems to us patently unreasonable and therefore a clear abuse of discretion. The sentence imposed by the district court lacks any import of "sensible flexibility." Moreover, by disregarding the guidelines without sufficient reason, the district court's action belies the Act's basic goal of eliminating unwarranted sentencing disparity in the federal courts.

■ Palta argues further that the district court was in error to depart from the guidelines without affording him notice of the intended departure and an opportunity to be heard. Adequate notice and the opportunity to contest an upward departure from the guidelines are indispensable to sentencing uniformity and fairness. *See Cervantes,* 878 F.2d at 56. *See also* Fed.R. Crim.P. 32(a)(1). In the present case, Palta had neither any prior notice of the court's intention to depart nor an opportunity to be heard as to why an upward departure was unwarranted.

Accordingly, we vacate the sentence imposed on Palta and remand for a new sentence. On remand, if the district court, having afforded the defendant an opportunity to be heard, determines an upward departure warranted, the court should clearly indicate the factual basis for the departure and impose a reasonable sentence.

## II.

Defendant-appellant Marmolejo contends that the district court improperly failed to rule on objections to his presentence report and to make factual findings with regard to his objections. On the ground that the alleged factual errors ultimately led to an inaccurate sentencing recommendation, the defendant also contends that the district court was in error not to depart downward.

The Act requires the preparation of a presentence report under the auspices of the United States Probation Office pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3552(a). The presentence report recommends a sentencing range to the district court based on the guidelines applicable to the defendant's case. Consistent with the Act's goal of ending disparity in sentencing, it is essential that "presentence reports contain the information necessary to make an appropriate sentencing decision in the new sentencing guidelines system." *See Senate Report* at 3254. Thus, an accurate presentence report is crucial both to ensure the fairness of an individual defendant's sentence and to enhance the overall goal of uniformity in sentencing.

■ The *Guidelines Manual* states that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the

court regarding that factor." § 6A1.3(a). In the commentary to this provision the Sentencing Commission specifies:

The court's resolution of disputed sentencing factors will usually have a measurable effect on the applicable punishment.... When a reasonable dispute exists about any factor important to the sentencing determination, *the court must ensure that the parties have an adequate opportunity to present relevant information.*

*Guidelines Manual* § 6A1.3, commentary at 6.2 (emphasis added). The commentary continues that while an evidentiary hearing will sometimes be necessary to resolve disputed issues, written statements of counsel or affidavits of witnesses will sometimes suffice. *Guidelines Manual* § 6A1.3, commentary at 6.2. "The sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law." *Id.* After providing a procedure that affords parties the opportunity to be heard adequately, the court shall clearly state its resolution of any disputed factors predicated upon its findings. *See United States v. Burch*, 873 F.2d 765, 767 (5th Cir.1989). Failure to do so stymies appropriate appellate review pursuant to 18 U.S.C. § 3742.

Both by letter and at Marmolejo's sentencing hearing, defense counsel raised several significant disputed sentencing factors. Specifically, counsel argued that Marmolejo had a "minimal" rather than "minor" role in the criminal activity. *See Guidelines Manual* § 3B1.2. Defense counsel further argued that the gun found underneath the driver's seat in Palta's car was improperly factored in calculating Marmolejo's presentence report. *See id.* § 2D1.1(b)(1). Finally, defense counsel contended that Marmolejo's offered cooperation in the government's case against Palta was not given adequate consideration in preparing the report. *See id.* § 5K1.1. Counsel requested that the court grant an adjournment so that the probation department would have time to reconsider these factors. While noting that several adjournments of Marmolejo's sentencing hearing

had previously been granted, and implying that the defendant was running a drug business from jail, the court refused the request. In view of the serious sentencing factors at issue, we think that some brief adjournment would have been appropriate. In addition, we see nothing in the record to support the allegation of involvement in the drug trade. Accordingly, we conclude that the district court improperly failed to afford the parties an adequate opportunity to be heard on these issues by some appropriate means.

The resolution of these issues has a direct relation to the sentencing range as calculated by the probation department in the presentence report. As the court sentenced Marmolejo to the maximum under the recommended range of 63 to 78 months, the resolution of the disputed sentencing factors may result in the imposition of a lesser sentence. Thus, we vacate the sentence imposed and remand to the district court for resolution of factual disputes, upon which basis, if necessary, the defendant's sentence should be correspondingly adjusted.

Finally, we need not now consider the defendant's contention that the district court abused its discretion by not departing downward from the range recommended. We have recently held that the decision to depart downward "is a matter within the sound discretion of the sentencing judge." *United States v. Paulino*, 873 F.2d 23, 25 (2d Cir.1989). Therefore, we leave it to the discretion of the district court to determine whether a departure from the guidelines is appropriate after making the necessary findings.

## CONCLUSION

For all of the foregoing reasons, we vacate the sentences imposed on both defendants and remand to the district court for further proceedings and sentencing consistent with this opinion.