UNITED STATES of America,
Plaintiff–Appellee,

v.

Sam Edward JONES,
Defendant–Appellant.

No. 89–5901.

United States Court of Appeals,
Fourth Circuit.

Argued July 18, 1990.
Decided Sept. 10, 1990.

Lewis Alston Thompson, III, Banzet, Banzet & Thompson, Warrenton, N.C., for defendant-appellant.

Vicki S. Marani, U.S. Dept. of Justice, Washington, D.C., Margaret P. Currin, U.S. Atty., R. Daniel Boyce, Asst. U.S. Atty., Raleigh, N.C., on brief, for plaintiff-appellee.

Before ERVIN, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.

ERVIN, Chief Judge:

A jury found Sam Edward Jones guilty of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). Jones appeals his convictions arguing (1) that evidence used against him at trial was obtained by using a search warrant which was not supported by probable cause, (2) that expert testimony was improperly admitted, and (3) that he should be resentenced because he was not informed of the government's objections to the presentence report prior to his sentencing hearing. For the reasons provided below, we affirm the convictions.

## I.

An anonymous informant telephoned Officer Timothy Bell of the Goldsboro Police Department on December 8, 1988, at approximately 11 a.m. The informant told Bell that he had seen drugs the previous day at 519 West Pine Street, in Goldsboro. Bell and two other officers met with the caller at a cemetery near the police station. The informant told them that he had been to Jones' residence on December 7, 1988, that he had seen crack cocaine inside the house, that Jones was selling the crack cocaine, and that Jones kept the cocaine in a brown medicine bottle and would serve it out a single rock at a time.

Bell gave the informant some money and told him to take a taxi to Jones' house which was about a mile and a half away and to try to buy some of the crack. The informant returned about twenty minutes later with a rock substance that appeared to be crack. The informant told the officers that Jones had given him the crack from a brown medicine bottle in his pocket, and that Jones had also been carrying a small gun in his pocket.

Bell had been told that the informant had given reliable information to another officer in the past. Bell also knew that Jones was a crack dealer. Bell had previously searched Jones' house at 519 West Pine Street on two occasions and had been involved in an undercover sale in which Jones sold a piece of crack to an agent for $25. That undercover agent told Bell that Jones kept the crack in a brown medicine bottle in his pocket.

Bell went to a magistrate and obtained a search warrant. Police searched Jones' house and seized 10.5 grams of cocaine, $2,173.00 in cash, and a North American Corporation .22 caliber loaded revolver.

Jones was indicted for possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), possession of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c), and maintaining a place for the distribution of narcotics, 21 U.S.C. § 856. Jones filed a motion to suppress the evidence obtained by the search warrant. The court denied the motion after a hearing. A jury found Jones guilty of the distribution and firearms offenses but not guilty of maintaining a place for the distribution of narcotics. The court sentenced Jones to two consecutive sentences of 126 months and 60 months, and he appeals.

## II.

A warrant affidavit must recite particular facts and circumstances sufficient to allow a magistrate to make an independent evaluation and finding of probable cause. Jones argues that the evidence obtained during the search of his home at 519 West Pine Street was improperly admitted because there was insufficient information to find probable cause and because Officer Bell's warrant affidavit contained misleading information. Officer Bell's affidavit states:

The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: The affaint [sic] states that he has a confidential informant that has proven reliable in the past by providing information to the affaint [sic] that has led to the seizure of drugs in Wayne Co. The CI told the affaint [sic] on 12/8/88 that the CI had been to the above-mentioned residence within the last 24 hrs. and had seen a quantity of off-white rocks that was represented by Sam Jones as crack of cocaine in the above-mentioned residence and in the possession of Sam Jones. The CI states that the CI is a user of cocaine and knows cocaine when the CI sees it.

■ Warrant affidavits are presumed to be valid. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978). However, a defendant may impeach the affiant by showing deliberate falsity or reckless disregard for the truth. *Id.* Jones argued in his motion to suppress that statements in the warrant affidavit were recklessly made and that the affidavit fails to provide sufficient information to allow the magistrate to find probable cause.

The trial court found that the statements were not recklessly made but that Bell intended to convey in general terms that he could vouch for the informant. The court found that the statement in the warrant that "the informant had proven reliable in the past" was "a generalization subject to two different interpretations." The court stated that the government had shown by a preponderance of the evidence that

the warrant was issued on a solid factual basis; that the confidential informant was reliable because he had been used by other officers in the past; that when he gave the information to officer Bell on December 8, Officer Bell had reason to rely on it. And when the informant actually purchased the drugs and returned with the drugs and showed them to officer Bell and confirmed as a user of crack that these were—this was cocaine base, that the reliability of the informant was further confirmed, and that the officer

had a good faith basis based on the evidence and on the confidential informant he was reliable to make his affidavit to the magistrate, and that the magistrate properly allowed a search warrant in this case.

The execution of the search warrant was in conformity with the warrant. Officer Bell had independent knowledge that supported his belief that the defendant was holding crack in a small brown medicine bottle and that he was dealing in an unpackaged method, and that the search warrant was properly executed in this case.

■ This court must uphold the trial court's findings of fact unless those findings are clearly erroneous. *United States v. Fawole*, 785 F.2d 1141, 1144–46 (4th Cir. 1986); *see also United States v. Lueth*, 807 F.2d 719, 725 (8th Cir.1986); *United States v. Dozier*, 844 F.2d 701, 705–06 (9th Cir.), *cert. denied*, 488 U.S. 927, 109 S.Ct. 312, 102 L.Ed.2d 331 (1988). Moreover, reviewing courts must give great deference to a magistrate's determination of probable cause. *United States v. Leon*, 468 U.S. 897, 914, 104 S.Ct. 3405, 3416, 82 L.Ed.2d 677 (1984). We hold that the trial court's findings that Bell's statements were not deliberately false or in reckless disregard of the truth are not clearly erroneous, and that the warrant is supported by information sufficient to find probable cause under the "totality of the circumstances" test announced in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

### III.

Jones next argues that the trial court erred by admitting expert testimony regarding drug couriers and that this testimony prejudiced his case.

John C. Rea, a North Carolina State Bureau of Investigation Agent, testified at trial as an expert witness in the area of drug dealing operations. He testified that crack dealers often sell crack in small quantities and keep the proceeds from the sales nearby rather than in a bank. Officer Rea stated that crack dealers normally possess firearms and that crack users can

be distinguished from dealers by the amount of the drug that each keeps on hand. Jones complains that Agent Rea's testimony was irrelevant, and that the danger of unfair prejudice resulting from the testimony outweighed its probative value.

Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." Fed.R.Evid. 403. Trial courts have considerable discretion to determine whether to admit expert testimony. *Hamling v. United States*, 418 U.S. 87, 108, 94 S.Ct. 2887, 2902, 41 L.Ed.2d 590 (1974). A reviewing court should not disturb a trial court determination to admit evidence unless the trial court has acted "arbitrarily or irrationally." *United States v. Masters*, 622 F.2d 83, 87–88 (4th Cir.1980).

■ We hold that the trial court abused its discretion in this case and that it was error to admit expert testimony of drug profiles as substantive evidence. This is not a case in which evidence of the drug profile was used as purely background material to explain why the defendant was stopped as in, for example, *United States v. Sokolow*, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989), or one in which the evidence was used to rebut testimony provided by a defendant who claims that he is not a typical drug courier as in *United States v. Beltran–Rios*, 878 F.2d 1208 (9th Cir.1989). Rather, it is a case in which the government attempted to establish the defendant's guilt by showing that he has the same characteristics as a drug courier. The use of the drug courier profile in this manner is clearly impermissible. We agree with the Tenth Circuit which held in *United States v. Quigley*, 890 F.2d 1019 (8th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1163, 107 L.Ed.2d 1066 (1990), that the use of expert testimony as substantive evidence showing that the defendant "fits the

profiles and, therefore, must have intended to distribute the cocaine in his possession" is error. *See also United States v. Simpson*, 910 F.2d 154, 157 (4th Cir.1990) (any relevance of drug courier profile in non-drug trafficking case was outweighed by its highly prejudicial impact).[1]

After having found that the use of the expert testimony in this case was error, we must now determine whether that error was harmless. "[U]nless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); *see also Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The proper inquiry is whether, viewing the record as a whole, it is "clear beyond a reasonable doubt that the jury would have returned a verdict of guilty" absent the testimony. *Alston v. Garrison*, 720 F.2d 812, 817 (4th Cir.1983) (citing *United States v. Hastings*, 461 U.S. 499, 506, 103 S.Ct. 1974, 1979, 76 L.Ed.2d 96 (1983)), *cert. denied*, 468 U.S. 1219, 104 S.Ct. 3589, 82 L.Ed.2d 886 (1984). "In considering the harmlessness of the error, it is proper to consider other evidence of the defendant's guilt." *United States v. Davis*, 657 F.2d 637, 640 (4th Cir.1981). We find that the error was harmless in this case.

## IV.

■ Finally, Jones argues that he should be resentenced because the government failed to object to the pre-sentence report prior to his sentencing hearing and thus violated Rule 50.03 of the Local Rules of the Eastern District of North Carolina.[2] He claims that his case is similar to *United States v. Palta*, 880 F.2d 636 (2d Cir.1989), in which the Second Circuit found that a

---

**1.** At least two other circuits have suggested that the use of the drug courier profile as substantive evidence is improper. *See United States v. Hernandez–Cuartas*, 717 F.2d 552 (11th Cir.1983), and *United States v. Beltran–Rios*, 878 F.2d 1208 (9th Cir.1989).

**2.** Rule 50.03 states:

*Time for completion of presentence report.* Within fifteen (15) days thereafter, counsel shall communicate, in writing, to the probation officer objections to any material information, sentencing classifications, guideline ranges, and policy statements contained in or omitted from the report. A copy shall be served on opposing counsel.

defendant was deprived of an opportunity to comment upon the pre-sentence report as required by Fed.R.Crim.P. 32(a)(1).[3] We disagree.

Both Jones and the government filed objections to the presentence report ("PSR") prior to the sentencing hearing. The government objected because it believed that Jones should have been classified as a career offender. After discussing the matter with the probation department, however, the government realized that Jones fell just short of career offender status and withdrew the objection.

At the sentencing hearing the government argued that Jones' base level score should be increased by two points under section 4A1.1(d) [4] because Jones committed the crimes for which he was being sentenced while on parole. This objection had not been included in the original filing because of the government's view that Jones was a career offender. The court accepted the government's argument and adjusted Jones' base level score.

Jones' claim that he was unfairly surprised and denied the opportunity to respond to the government's objection to the presentence report is without merit. The PSR itself states that Jones was on parole in connection with a state conviction. This is not like *Palta*, a case in which defense counsel requested an adjournment of the sentencing hearing because there were disputes about facts such as the defendant's level of participation in the crime and his offer to cooperate with the government. The district court in *Palta* denied the adjournment, and did not state its findings on the disputed facts. There is no dispute in this case that Jones was on parole. Jones

received all of the opportunities afforded by Fed.R.Crim.P. 32(a)(1). In addition, we note that Local Rule 1.00 of the Local Rules of the Eastern District of North Carolina states that "[a] judge or magistrate, for good cause and in his discretion, may alter these rules in any particular case." There was clearly no abuse of discretion in this regard.

AFFIRMED.

---

3. Fed.R.Crim.P. 32(a)(1) provides:

> At the sentencing hearing, the court shall afford the counsel for the defendant and the attorney for the government an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence. Before imposing the sentence, the court shall also—
> (A) determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(b);
> (B) afford counsel for the defendant an opportunity to speak on behalf of the defendant; and
> (C) address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of sentence....

4. Section 4A1.1(d) provides: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." (November 1, 1989).