946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Ray HOWARD, Defendant-Appellant.
 No. 90-5708.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1991.
Decided Oct. 18, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CR-90-58)
 Argued: Jack H. Lynn, Greenville, S.C., for appellant; David Calhoun Stephens, Assistant United States Attorney, Greenville, S.C., for appellee.
 On Brief: E. Bart Daniel, United States Attorney, Greenville, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER and SPROUSE, Circuit Judges, and HERBERT F. MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Danny Ray Howard appeals from his conviction on charges of violating 21 U.S.C. § 841(a)(1) & (b)(1)(D) and 18 U.S.C. § 924(c). He contends that the district court improperly denied his motion to suppress evidence seized during a search of his property. He also claims that his conviction involving the violation of 18 U.S.C. § 924(c) was based on insufficient evidence. We find no error and affirm the judgment of the district court.
 
 
 2
 In 1989, Detective Cobb of the Greenville County, South Carolina Sheriff's Office was told by a detective from the police force of the City of Greer, South Carolina that Greer detectives had been advised by the South Carolina Department of Social Services and the Greer Health Department, which were counseling Danny Ray Howard's sixteen year-old son, that the defendant was involved in the trafficking of marijuana. Detective Cobb then spoke by telephone with the child, who told Cobb where the defendant lived, that the defendant was selling marijuana, and that the defendant kept his marijuana in a drum buried in a specified location behind his house. The child also gave the names of some of the defendant's customers. One of the customers mentioned was "Slick" Roberts. Detective Cobb then sought to corroborate the information given by the child. He spoke with the child's social workers and ascertained that the child was not "out to get revenge or something of that nature." Detective Cobb personally confirmed that the defendant lived at the location identified by the child. Furthermore, Detective Cobb checked with another officer in the sheriff's department and learned that "Slick" Roberts was indeed the subject of an ongoing investigation and was known to deal in marijuana. On June 9, 1989, Detective Cobb again spoke with the child and was informed that the defendant had sold a quantity of marijuana earlier that day.
 
 
 3
 Detective Cobb then prepared a search warrant affidavit containing the following probable cause statement:
 
 
 4
 Within the past seventy-two hours an operative of this office has been to the above location and while there did observe a quantity of marijuana being sold. The operative is familiar with marijuana from past experiences. The operative has given information in the past which was coorborated [sic] and found to be true.
 
 
 5
 This affidavit was presented to a state judge and a warrant to search the defendant's property was issued.
 
 
 6
 When the search warrant was executed, Detective Cobb and other officers found over six pounds of marijuana in a thirty-five gallon drum buried in the ground behind the defendant's residence. A set of scales was also found in a nearby outbuilding. When the officers searched a bedroom in the defendant's residence, they discovered $3,000 in cash in the pocket of a jacket in the bedroom closet. In the same closet, which was not locked, the police found numerous firearms, including rifles and shot guns. No ammunition was seen and the guns were unloaded. After the defendant was arrested, he voluntarily told the officers that the marijuana seized belonged to him and that the $3,000 constituted proceeds from his sale of marijuana.
 
 
 7
 The defendant was subsequently indicted on one count of knowingly and willfully possessing with intent to distribute approximately six and one quarter pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D), and an additional count of using and carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Prior to trial, the defendant moved for the suppression of evidence seized during the search of his property. This motion was denied.
 
 
 8
 A jury trial was held on May 14, 1990. The defendant presented no evidence and moved at the close of the evidence for a judgment of acquittal on both counts of the indictment. This motion was denied and the jury found the defendant guilty on both counts. This appeal followed.
 
 
 9
 The defendant's first argument is that the district court's denial of his suppression motion contravened the principles set forth in Franks v. Delaware, 438 U.S. 154, 155-56 (1978), in which the Supreme Court stated that a defendant may attempt to establish that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." If the defendant establishes this allegation by a preponderance of the evidence, the court must determine whether, "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause...." Franks v. Delaware, 438 U.S. at 156.
 
 
 10
 In the present case, the defendant has alleged that Detective Cobb's affidavit contained falsehoods and omitted information in order to mislead the judge to whom the warrant application was made. Specifically, the defendant points to the portion of the affidavit stating that a marijuana sale was observed by an "operative" who had "given information in the past which was corroborated and found to be true." He emphasizes that this operative was actually the defendant's son and contends that the use of the term was intended to mislead the judge into believing that the source of the information was a regular provider of information working under the controlled supervision of the sheriff's department. The defendant further claims that Cobb's statement concerning corroboration of the information given by the operative was a willful misrepresentation.
 
 
 11
 In considering the defendant's allegations, the district court held an evidentiary hearing and heard testimony from Detective Cobb. It then denied the defendant's motion to suppress. Implicit in this denial was a finding that Detective Cobb's statements were not deliberately false or in reckless disregard of the truth. As a factual finding, this determination must be upheld unless clearly erroneous. United States v. Jones, 913 F.2d 174, 176 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3482 (1991).
 
 
 12
 With regard to the use of the term "operative," we note Detective Cobb's testimony that his choice of this wording resulted from his desire to protect the child, as much as possible, from the defendant by not naming him in the affidavit. Detective Cobb's decision not to refer to the child as a "confidential informant" was, according to his testimony, dictated by his department's policy of reserving this confidential informant designation for individuals who had in the past given information that actually led to an arrest and conviction on a drug-related charge. Furthermore, Detective Cobb testified that his statement concerning corroboration was meant to refer to the child's information concerning the location of the defendant's residence and the involvement of "Slick" Roberts that he had been able to investigate independently.
 
 
 13
 On the record before us, we can find no basis for concluding that the district court was clearly erroneous in its decision to credit the testimony of Detective Cobb and find that there was no deliberate falsity or reckless disregard for truth. Similarly, we find no merit in the defendant's argument that Detective Cobb concealed certain information that might have led the judge presented with the warrant application to doubt the veracity of the child's information. With respect to any reference by the defendant to an alleged intention on the part of the child to exact revenge against his father, Detective Cobb testified that he consulted with the Department of Social Services and the Mental Health Department on this matter in order to satisfy himself that no such factors undermined the reliability of the child's information. In light of this testimony, we do not believe that the omission of the alleged fact of the child's spiteful motive was designed to mislead the judge. We agree with the district court that this case simply does not present an instance of the type of perjury or reckless disregard discussed in Franks v. Delaware.
 
 
 14
 The second argument raised by the defendant on appeal is that there was insufficient evidence to convict him of a violation of 18 U.S.C. § 924(c)(1). In pertinent part, section 924(c)(1) states that "[w]hoever, during and in relation to any ... drug trafficking crimes ... uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years...." The jury's verdict on this charge must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 15
 We have previously recognized that a weapon "need not be brandished or displayed" for the purposes of establishing this offense.
 
 
 16
 United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991). "[I]t is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988). Furthermore, a conviction under section 924(c)(1) may be based upon a showing that a firearm "facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred." Brockington, 849 F.2d at 876 (quoting United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985)).
 
 
 17
 In the case at hand, the jury had before it evidence that numerous firearms, including shot guns and rifles, were found in the same closet with $3,000 in cash. It also had before it a statement from the defendant himself that he had been selling marijuana on the premises for several months and that the money kept in the closet came from his drug sales. The defendant did not dispute that the guns belonged to him. From the evidence presented at trial, we are of opinion that the jury may well have drawn the inference that this array of guns, in immediate proximity to the proceeds of the defendant's drug dealing, was available for protection and to intimidate others. We find that there was substantial evidence to support the jury's verdict of guilt on this count.
 
 
 18
 Accordingly, the judgment of the district court is
 
 
 19
 AFFIRMED.