35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. CHIDESTER, Defendant-Appellant.
 No. 93-5581.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1994.
Decided Sept. 15, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden II, Chief District Judge. (CR-93-19)
 James Michael Bradley, Jr., Albright, Bradley & Ellison, Parkersburg, W VA, for appellant.
 Rebecca A. Betts, U.S. Atty., Victoria B. Major, Asst. U.S. Atty, Charleston, W VA, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael D. Chidester appeals from his conviction of possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and possession of a firearm in connection with a drug trafficking offense in violation of 18 U.S.C.A.Sec. 924(c)(1) (West Supp.1994).
 
 
 2
 While on general road patrol on December 30, 1992, Deputy Sheriff Charlie Johnson of the Wood County, West Virginia, Sheriff's Department was informed that the Parkersburg City Police were looking for a stolen vehicle believed to have been taken from the city limits from a used car lot. Johnson located the stolen vehicle parked at an Exxon station in Mineral Well, West Virginia, in the early morning hours of December 31, 1993. Johnson verified that the vehicle matched the description of the stolen vehicle and was missing its license plates. Johnson then entered the gas station's convenience store in an attempt to locate the driver.
 
 
 3
 As Chidester left the store, Johnson approached him and asked whether the vehicle belong to him. Chidester stated that the vehicle was not his. As Johnson looked inside the vehicle to see if the ignition switch had been tampered with and to check to see if there was anything else in the vehicle, he asked Chidester whether he "was going to find anything in the vehicle." Chidester informed him that there was a loaded gun under the seat. Johnson recovered the weapon, arrested Chidester, secured the weapon, and advised Chidester of his rights. Incident to Chidester's arrest, Johnson recovered the pistol's shoulder holster from Chidester's torso. Johnson also recovered fifty-two loose rounds of .30 caliber ammunition from Chidester's front jacket pocket.
 
 
 4
 The Parkersburg Police took custody of Chidester in connection with the automobile larceny and transported him to their facilities.
 
 
 5
 Johnson took custody of the weapon and Chidester's jacket, containing the loose ammunition, to process him for a misdemeanor concealed weapons charge.
 
 
 6
 After clearing the scene and securing the evidence, Johnson proceeded to the sheriff's station. While examining Chidester's jacket during an inventory of the evidence, Johnson recovered a plastic bag from the sleeve pocket. The bag contained a "plaster-looking material" later found by forensic analysis to be 36.1 grams of cocaine base, "crack." Johnson found $250 in Chidester's billfold.
 
 
 7
 At trial, Chidester testified in his defense. He stated he was a life long hunter and owned eight firearms in the past year. He denied ever using or selling drugs, and he had no explanation as to how the rock of crack cocaine got in his pocket.
 
 
 8
 After a two-day trial, a jury found him guilty of possession with intent to distribute cocaine base and possession of a firearm in connection with a drug trafficking offense. Chidester's Motion for Judgment of Acquittal or New Trial was denied. Chidester was sentenced to 157 months imprisonment, five years supervised release, a $5,000 fine, and a $50 special assessment. Chidester appeals from this conviction and judgment.
 
 
 9
 On appeal, Chidester first challenges the district court's decision to exclude, on relevance grounds, two related pieces of evidence. Chidester claims the court erred by excluding evidence that: (1) his pretrial supervision urine screen was negative for controlled substances; and (2) he displayed no symptoms of drug use or addiction at or following his arrest.
 
 
 10
 Before Chidester's trial, the Government and Chidester's counsel agreed to stipulate to the fact that Chidester passed a pre-trial supervision urine screen. Out of the presence of the jury, the trial judge stated that it had come to the court's attention that Chidester was trying to procure, for use at trial, documentation of the urine screen, as embodied in a confidential memorandum to the court. Chidester contended that the negative urine screen was relevant to the charges because he wished to prove that "he was not at the time he was arrest[ed] using cocaine." He claimed he wanted to show that he used no drugs and sold no drugs, thereby eliminating any motive for possessing the cocaine. The court precluded the admission of the urine screen on the ground that it was not relevant to the issue of innocence.
 
 
 11
 Similarly, Chidester attempted to testify that he experienced "no physical illness or discomfort" during the twenty-three or twenty-four days he spent incarcerated prior to posting bail. Chidester attempted to show that he did not experience any withdrawal symptoms, a sign of drug addiction, during his incarceration after arrest. Again, he contended that this evidence was probative of whether or not he was using cocaine at the time of his arrest, which he contended was probative of his motive to possess the cocaine. The court sustained the Government's objection to this evidence.
 
 
 12
 Evidence is admissible only if it is relevant. Fed.R.Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. A trial court has broad discretion in determining whether evidence is relevant, and absent an abuse of discretion, its ruling will not be disturbed. United States v. MacDonald, 688 F.2d 224 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983).
 
 
 13
 We find that the district court did not abuse its discretion in finding that both pieces of evidence were irrelevant. Possession of a controlled substance with the intent to distribute requires proof that an individual "(1) knowingly (2) possessed a controlled substance (3)with the intent to distribute it." United States v. Samad, 754 F.2d 1091, 1096 (4th Cir.1984); see 21 U.S.C.Sec. 841(a)(1). The absence of drug use or addiction is not relevant to a charge of drug possession with the intent to distribute. In other words, the absence of drug use or addiction does not make it significantly more or less likely that an individual has the intent to distribute drugs. Therefore, the district court did not abuse its discretion in excluding the evidence.
 
 
 14
 Chidester's second claim, raised for the first time on appeal, challenges the district court's admission of a police officer's testimony regarding drug traffickers' possession of firearms.* Chidester contends that absent the challenged testimony, the Government had no evidence which would satisfy the nexus requirement of showing a connection between the drugs and the firearm. See 18 U.S.C.A. Sec. 924(c)(1). Chidester acknowledges that he is objecting to this evidence for the first time on appeal, see Fed.R.Evid. 103(a)(1); United States v. Parodi, 703 F.2d 768, 783 (4th Cir.1983), but claims that the testimony is akin to drug courier profile testimony, and its admission was plain error in light of United States v. Jones, 913 F.2d 174 (4th Cir.1990), cert. denied, 498 U.S. 1052 (1991).
 
 
 15
 In Jones, this Court held that the trial court abused its discretion by admitting "expert testimony of drug profiles as substantive evidence." 913 F.2d at 177 (emphasis added). The Court stated that the use of drug courier profiles to establish the defendant's guilt by showing that he had the same characteristics as a drug courier was impermissible. Id. In this case, the police officer gave his opinion, based upon his experience, as to why drug traffickers carry firearms. Furthermore, this court has stated that "it is not unreasonable to recognize that weapons have become the 'tools of the trade' in illegal narcotics operations." United States v. White, 875 F.2d 427, 433 (4th Cir.1989) (quoting United States v. Hinds, 856 F.2d 438, 443 (1st Cir.1988)); see generally, United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991). Thus, Chidester's reliance on Jones to claim that the admission of the challenged testimony was "plain error" is meritless.
 
 
 16
 Accordingly, we affirm Chidester's conviction and judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The challenged testimony was given as follows:
 
 
 Q
 Agent Daugherty, based on your training and experience in narcotics, do you ever come in contact with narcotic suspects with firearms?
 
 
 A
 Yes, ma'am
 
 
 Q
 And based on that, what, if any, conclusion can you draw from that?
 
 
 A
 Well, we have made arrests where a suspect or accused has a weapon on him at the time we're doing a narcotics transaction. We have also executed search warrants where the accused has been armed at the time we enter the residence. And it's common, I feel, that they are armed and for the purpose of protection from being robbed during a narcotics transaction