56 F.3d 62
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sean Smith STEVENSON, Defendant-Appellant.
 No. 94-5770.
 United States Court of Appeals, Fourth Circuit.
 Argued May 1, 1995.
Decided: June 5, 1995.
 
 Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Sean Smith Stevenson appeals his conviction and sentence for conspiracy to distribute crack cocaine in violation of 21 U.S.C. Secs. 841 and 846, alleging various errors by the district court. Finding no reversible error, we affirm.
 
 
 2
 On November 29, 1993, Stevenson was indicted, along with William Fred McDonald, Gerald Leonard Mills, and Kevin Kamara for conspiracy to distribute crack cocaine. Stevenson pled not guilty to the charges and a jury trial was held in the Middle District of North Carolina, Greensboro Division. At trial, McDonald and Kamara, who had pled guilty, testified as to Stevenson's involvement in the drug conspiracy. Similarly, Tommy Lee Farrington and Whimsey Michelle Austin, who had been named in a separate indictment and pled guilty, described Stevenson's drug-related activities. Their testimony revealed that Stevenson became involved in the conspiracy giving rise to his conviction during the summer of 1991 when he offered to supply cocaine to Farrington at a lower price than Farrington was paying to his previous supplier. Following this initial conversation, Farrington, sometimes accompanied by Austin, repeatedly visited Stevenson to obtain both crack and powder cocaine. Stevenson received the drugs he sold to Farrington from two individuals known to Farrington only as "Steve" and "Jay." At the conclusion of the three day trial, the jury returned a verdict of guilty. Following a sentencing hearing, Stevenson was sentenced to 235 months.
 
 I.
 
 3
 Stevenson contends that "[t]he trial court erroneously admitted hearsay evidence ... which was not made during the course of or in furtherance of the charged conspiracy," and so was not admissible under the coconspirator exception to the hearsay rule. See Fed.R.Evid. 801(d)(2)(E).
 
 
 4
 The allegedly improper hearsay was contained in a response to a question to Farrington as to whether he had "a conversation with Steve and Jay concerning Mr. Stevenson?" Farrington answered:
 
 
 5
 Yes. We--Steve and Jay and I were leaving about the same time. They said that they weren't going to deal with Sean until he straightened out his problems with the other suppliers that he had. And at that time I spoke to [them] and we agreed to do business without Sean.
 
 
 6
 Stevenson did not object to this question or answer at trial. Nevertheless, he urges that we review admission of this testimony for plain error. See United States v. Olano, 113 S.Ct. 1770, 1779 (1993). To reverse for plain error we must: identify an error, id. at 1777; find that error "plain" or "obvious," id.; determine that it affected substantial rights or rights affecting the outcome of the trial, id. at 1778; and find that the error " 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.' " Id. at 1779.
 
 
 7
 At the point in the trial that Farrington related the allegedly improper conversation, there was already properly admitted testimony from Farrington that Steve and Jay "were distributors of Sean's," and that "[t]hey would drop cocaine off to him and stay with it on some occasions until he sold up what he had." Thus the admission of the challenged testimony affected no substantial rights and so was not plain error. See, e.g., United States v. Gastiaburo, 16 F.3d 582, 587-588 (4th Cir.) (admission of expert testimony on intent to distribute was not plain error), cert. denied, 115 S.Ct. 102 (1994); United States v. Moore, 11 F.3d 475, 481 (4th Cir.1993) (government's reference to defense witnesses as liars during its closing argument was not plain error), cert. denied, 114 S.Ct. 1864 (1994); United States v. Brewer, 1 F.3d 1430, 1435 (4th Cir.1993) (admission of arguable 404(b) testimony was not plain error); United States v. Church, 970 F.2d 401, 409 (7th Cir.1992) (admission of hearsay statement was not plain error), cert. denied, 113 S.Ct. 1009 (1993).
 
 II.
 
 8
 Stevenson next asserts that it was error to admit testimony from a police officer concerning pagers found during a search of the apart ment where Stevenson was staying. The officer testified how pagers were used in drug trade. Stevenson contends that this testimony should have been excluded under Fed.R.Evid. 403 because its probative value was substantially outweighed by its prejudicial effect. Testimony of this sort is now so common in drug prosecutions that it is almost a matter of judicial notice. In any event, any error in the admission of this testimony did not materially affect the outcome of the trial and so was harmless. See United States v. Jones, 913 F.2d 174, 177 (4th Cir.1990) (erroneous admission of expert testimony under Rule 403 was harmless), cert. denied, 498 U.S. 1052 (1991); United States v. Cole, 857 F.2d 971, 976-977 (4th Cir.1988), cert. denied, 489 U.S. 1070 (1989); United States v. Davis, 657 F.2d 637, 639-640 (4th Cir.1981). See also United States v. Jefferson, 925 F.2d 1242 (10th Cir.1991) (erroneous admission of pager bill was harmless error), cert. denied, 502 U.S. 884 (1991); Fed R.Crim. P. 52(a).
 
 III.
 
 9
 Stevenson argues that "[t]he trial court erroneously admitted evidence that a gun that was owned by Defendant, but was not used in or to further the conspiracy was stolen." Stevenson does not contend, nor could he, that it was error to admit evidence that a 9 millimeter pistol was recovered, along with the drugs, from his apartment. See United States v. Ricks, 882 F.2d 885, 892 (4th Cir.1989), cert. denied, 493 U.S. 1047 (1990); United States v. Collazo, 732 F.2d 1200, 1206 (4th Cir.1984), cert. denied, 469 U.S. 1105 (1985). See also United States v. Payne, 805 F.2d 1062, 1065-1067 (D.C.Cir.1986). Nor does he challenge admission of his testimony, made without objection, that he had "purchased [another] 9 millimeter from a guy who sells guns named Bob who drives a brown station wagon...." Stevenson's sole claim of error on this point is that it was improper cross-examination to bring out that although he claimed that the gun he purchased from Bob was stolen from him, he could not remember anything about its theft. The district court did not abuse its discretion in permitting this line of cross examination to test Stevenson's credibility.
 
 IV.
 
 10
 Finally, Stevenson contends that the "the trial court committed clear error in finding and using the less accurate testimony of Farring ton to determine the quantity of narcotics sold by Defendant for the purposes of sentencing Defendant." During the trial, Farrington testified that "off and on for about a year" he received "[f]our ounces [of cocaine] a week" from Stevenson. Farrington further testified that roughly half of the cocaine was powder and the other half was crack. In contrast, Michelle Austin testified that Farrington's relationship with Stevenson lasted for approximately three months, that Farrington received drugs from Stevenson on only three or four occasions, and received one or two ounces on each trip. Later, however, she testified that Farrington received approximately two and one half kilograms of cocaine from Stevenson over three months.
 
 
 11
 At the sentencing hearing, the district court noted that in "determining credibility between Mr. Farrington and Ms. Austin," he found Austin "to be a very credible witness and perhaps the Government's most credible witness." Stevenson seizes on that finding to assert that it was error for the district court to consider Farrington's testimony, as well as Austin's, in determining the amount of drugs sold by him for sentencing purposes. There is no support for such an argument. The district court did not find Farrington's testimony totally unbelievable. It was entitled to take into account both Farrington's and Austin's testimony in arriving at its sentence. It did so and found that Stevenson was "accountable for 500 grams to 1.5 kilograms of crack cocaine." This determination is not clearly erroneous. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir.), cert. denied, 114 S.Ct. 2754 (1994); United States v. Uwaeme, 975 F.2d 1016, 1018-21 (4th Cir.1992).
 
 
 12
 For all of these reasons, Stevenson's conviction and sentence are
 
 
 13
 AFFIRMED.