57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Willie MACK, Jr., Defendant-Appellant.
 No. 94-6726.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 7, 1995.
Decided June 19, 1995.
 
 Michael Morchower, MORCHOWER, LUXTON & WHALEY, Richmond, VA, for Appellant. Ray Burton Fitzgerald, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from the magistrate judge's order* denying his 28 U.S.C. Sec. 2255 (1988) motion, on the ground that his trial counsel was ineffective. For the reasons stated below, we affirm the magistrate judge's denial of Appellant's motion.
 
 
 2
 To prevail on an ineffective assistance claim, Appellant must show that defense counsel's representation fell below an objective standard of reasonably effective assistance under prevailing professional norms, and that but for counsel's unprofessional errors the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Briley v. Bass, 750 F.2d 1238, 1247 (4th Cir.1984), cert. denied, 470 U.S. 1088 (1985).
 
 
 3
 Appellant first alleges that his attorney was ineffective in failing to challenge the warrant that authorized the search of his house, on the ground that the warrant was based on false information. A corollary contention Appellant makes is that the failure of his attorney to fully investigate the validity of the warrant resulted in his attorney's failure to obtain in camera review of the search warrant, and the ultimate suppression of the evidence. This Court must uphold the trial court's findings of fact unless those findings are clearly erroneous. United States v. Jones, 913 F.2d 174, 176 (4th Cir.1990), cert. denied, 498 U.S. 1052 (1991). In addition, reviewing courts must give great deference to a magistrate's determination of probable cause. United States v. Leon, 468 U.S. 897, 914 (1984); Jones, 913 F.2d at 176.
 
 
 4
 We cannot say that the district court erred in its determination that probable cause was demonstrated on the facts set forth in the affidavit
 
 
 5
 supporting the warrant, exclusive of the alleged false information. See Franks v. Delaware, 438 U.S. 154, 156 (1978); United States v. Taylor, 857 F.2d 210, 215 (4th Cir.1988). The affidavit was accurate in all material respects, and there was no showing that the affidavit would have been insufficient to support the search warrant if the disputed information had been disregarded. See United States v. Taylor, 857 F.2d at 215. In addition, because the warrant was valid, any error committed by Appellant's attorney in failing to fully investigate the falsehood appearing on the warrant, or for failing to request an in camera review of the warrant to suppress the firearms, did not prejudice Appellant, as required by Strickland v. Washington, 466 U.S. at 687-88, 694.
 
 
 6
 Likewise, because the search warrant was valid, Appellant's claims that his trial attorney was ineffective for failing to object to the acceleration of his trial date, and for basing his motion to suppress on superseded case law, are without merit because Appellant cannot demonstrate prejudice necessary to support his claim. Id.
 
 
 7
 Accordingly, we affirm the magistrate judge's denial of Appellant's Sec. 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. Sec. 636(c)(2) (1988)