**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4038

GREGORY SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-95-196-WMN)

Submitted: October 27, 1998

Decided: November 16, 1998

Before MURNAGHAN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Harold I. Glaser, GLASER & DEROS, Baltimore, Maryland, for
Appellant. Lynne A. Battaglia, United States Attorney, Harvey Ellis
Eisenberg, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Gregory Smith of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1994). The district court sentenced him to forty-one months' imprisonment. Smith now contends on appeal that the district court erred when it denied his request for a hearing under Franks v. Delaware ,[1] when it found that he did acknowledge an ownership interest in the firearm seized from his car after he was advised of his constitutional rights under Miranda v. Arizona, 384 U.S. 436 (1966), and when it held that the weapon seized from his vehicle was an operable firearm. Consequently, Smith contends that there was insufficient evidence to sustain his conviction under § 922(g)(1). Finding no reversible error, we affirm.

After police received an anonymous tip that drug trafficking was occurring at the Public Works Falls Road site, they initiated surveillance at that location. During this time, Smith was an employee of the Department of Public Works in Baltimore City and worked at the Falls Road location. On December 20, 1994, Baltimore City Circuit Court Associate Judge John Prevas issued a search warrant for Smith and his vehicle. Judge Prevas determined that probable cause existed for the search based on the twenty-one page affidavit submitted by Detective Thomas Fore and Sergeant John Kowalczuk ("affiants"), detailing their investigation of Smith and other employees of Baltimore City's Department of Public Works for possible violations of controlled substance laws. Firearms were specifically included as items subject to seizure. Later that same day, police executed the search warrant, recovering a .380 semiautomatic pistol and additional ammunition for the weapon from Smith's vehicle.

Police arrested Smith and charged him with being a felon in possession of a firearm in violation of § 922(g)(1). Following initiation of the proceedings, Smith filed a suppression motion arguing that the police lacked probable cause to perform a search of his car, and thus, the weapon recovered from his vehicle and his post-arrest statement

_____

[1] 438 U.S. 154, 155-56 (1978).

that he purchased and owned the seized weapon, should not be admitted into evidence. At the conclusion of a suppression hearing, the district court found that Judge Prevas had probable cause to issue the warrant and denied Smith's motion.

Smith then filed a supplemental motion to suppress the seized firearm, raising issues as to the veracity of the statements in the affidavit supporting the application for a search warrant. The district court again denied Smith's motion to suppress the evidence and concluded that Smith had not presented sufficient evidence to require a hearing under Franks. Judgment was subsequently entered against Smith and he timely filed a notice of appeal.

Smith first asserts that the district court erred in denying his request for a Franks hearing, and consequently, his supplemental motion to suppress. Smith claims that the warrant was invalid because it contained false information that was knowingly and intentionally given by the affiants and that he provided enough support to warrant a hearing under Franks. Specifically, he points to the fact that co-worker Ronald Johnson's affidavit conflicts with the affiants' statement that Smith's vehicle was observed at the Public Works' Falls Road site on September 28, 1994, at about 3:00 p.m. Smith also points to the fact that no drugs were found during the search of his vehicle or on his person.

Under Franks, the Supreme Court held that the Fourth Amendment entitles a defendant to a pre-trial hearing to challenge the validity of a search warrant affidavit if the defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." Franks, 438 U.S. at 155-56. The district court's finding that the statements were not deliberately false or in a reckless disregard for the truth is reviewed under the clearly erroneous standard. See United States v. Jones , 913 F.2d 174, 176 (4th Cir. 1990).

As the district court properly found, Smith presented no evidence establishing that the challenged statement constituted a deliberate falsehood or that the officers had a reckless disregard for the truth.

3

The record does not reflect that the detectives intentionally lied when stating that Smith's vehicle was observed at the Falls Road location on September 28, 1994. Further, the affidavit detailed a series of secret transactions involving Smith selling what appeared to be drugs from his vehicle. Although Smith provided the court with affidavits of several individuals asserting that he would routinely sell various items from his vehicle other than drugs, such as shoes, boots, and handbags, this information alone does not detract from the district court's finding that the detectives could have reasonably and honestly mistaken these transactions for drug transactions. We therefore find that Smith did not establish the requisite showing to warrant a <u>Franks</u> hearing, and thus, the district court properly denied his supplemental motion to suppress.

Smith next asserts that the district court erred when it denied his initial motion to suppress and allowed into evidence his post-arrest statement that he purchased and owned the seized weapon. At the suppression hearing, Smith denied that he admitted to police following his arrest that he bought the gun that was seized from his vehicle. Smith further claimed that if he did make such a statement it was not admissible because he was not given any <u>Miranda</u> warnings. After conducting a thorough evidentiary hearing, the court believed the officers' testimony rather than Smith's. This finding that the police gave Smith <u>Miranda</u> warnings will be accepted unless clearly erroneous. <u>See United States v. Gray</u>, 108 F.3d 545, 549 (4th Cir. 1997). Because the district court's finding is based on a credibility determination and is otherwise supported by the testimony presented at the hearing, we affirm the district court's denial of Smith's motion to suppress this incriminating statement.

Finally, Smith asserts that the evidence was insufficient to sustain a conviction under § 922(g). Smith claims that the evidence presented did not conform to the statutory definition of a firearm because the firearm seized was not operable. First, we note that Smith stipulated at trial that the firearm described in his indictment "fit[ ] the definition of a firearm as specified in" 18 U.S.C. § 921(a)(3). Furthermore, there is no requirement that a firearm be operable in order to satisfy the definition of firearm under § 921(a)(3).[2] <u>See United States v. Willis</u>, 992

_____

**2** "The term `firearm' means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C.§ 921(a)(3) (1994).

4

F.2d 489, 491 n.2 (4th Cir. 1993); <u>United States v. Brown</u>, 117 F.3d 353, 355-56 (7th Cir. 1997) (listing cases holding that removal or disabling of firing pin does not disqualify weapon as"firearm"). Thus, considering Smith's stipulation and viewing the evidence in a light most favorable to the Government, we find it sufficient to support Smith's conviction. <u>See United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982).

Accordingly, we affirm Smith's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

5