**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4381

RICHARD LEE BALDWIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-97-261)

Submitted: April 30, 1999

Decided: May 26, 1999

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North
Carolina; Michael A. Grace, MICHAEL A. GRACE, P.A., Winston-
Salem, North Carolina, for Appellant. Walter C. Holton, Jr., United
States Attorney, Robert A. J. Lang, Assistant United States Attorney,
Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Baldwin appeals his conviction and sentence for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). We affirm.

Baldwin asserts that the district court erred in denying his request for a hearing under Franks v. Delaware, 438 U.S. 154 (1978). The Fourth Amendment entitles a defendant to a pre-trial hearing to challenge the validity of a search warrant affidavit if the defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." Franks, 438 U.S. at 155-56. The district court's finding that statements were not deliberately false or made with a reckless disregard for the truth is reviewed under the clearly erroneous standard. See United States v. Jones, 913 F.2d 174, 176 (4th Cir. 1990). As the district court properly found, Baldwin's evidence was insufficient to show that the statement presented in support of the search warrant constituted a deliberate falsehood or that the officers had a reckless disregard for the truth. Therefore, the district court did not err in denying Baldwin's request for a Franks hearing.

Baldwin also asserts that the search warrant application contained insufficient information to establish probable cause. In reviewing a magistrate's assessment of probable cause, this court must give "great deference" to the magistrate's assessment of the facts presented to him. United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). This court asks whether the magistrate had a "substantial basis" for concluding probable cause existed. Id. Here, the search warrant application contained information that a confidential reliable source made a controlled purchased of crack cocaine at 118 Jewell Street and that

2

he observed additional quantities of cocaine at that location. The application further stated that the confidential source was familiar with the drug crack and had in the past provided the Davidson County Sheriff's Office with information that led to arrests and convictions for drug offenses. This information was sufficient for the magistrate to find probable cause to search. See United States v. Williams, 974 F.2d 480, 481-82 (4th Cir. 1992).

Baldwin's final claim is that the district court erred in enhancing his sentence under United States Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1(b)(1) (1997) for the gun found in the locked glove compartment of his car. We review a district court's finding that a defendant possessed a dangerous weapon under U.S.S.G. § 2D1.1(b)(1) for clear error. See United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990). Here, the gun was found fully loaded in Baldwin's car on the same day he made the sale of cocaine for which he stands convicted. The cocaine transaction occurred in close proximity to the car. Inside the car police also found a pager. Baldwin admitted at sentencing that in the past he had used a pager when dealing drugs. On this evidence the connection between the gun and the drug offense was not clearly improbable. Therefore, the district court's application of U.S.S.G. § 2D1.1(b)(1) was not clearly erroneous.

Accordingly, we affirm Baldwin's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3