**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4890**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ANDREW HARGETT, JR., a/k/a Moneybun,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:15-cr-00374-D-1)

Submitted:  September 30, 2019                    Decided:  January 21, 2020

Before GREGORY, Chief Judge, and KEENAN and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kelly Margolis Dagger, Paul K. Sun, Jr., ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Brian A. Benczkowski, Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, Thomas E. Booth, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Robert J. Higdon, Jr., United States Attorney, Jennifer May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Hargett, Jr., was convicted after a jury trial of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 851 (2012), possession with intent to distribute a quantity of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and was sentenced to 240 months' imprisonment. On appeal, Hargett challenges the district court's rulings denying his motions to suppress evidence, admitting opinion testimony at trial, and allowing the Government to reopen its case at trial. We affirm.

In considering the appeal of the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017). Hargett argues that, in light of the Supreme Court's June 2018 decision in *Carpenter v. United States*, 138 S. Ct. 2206 (2018), real-time cellular site location information ("CSLI") obtained in November 2015 was collected in violation of the Fourth Amendment because officers obtained it pursuant to an authorization order issued under the Stored Communications Act (SCA) and related provisions of North Carolina state law and not a warrant supported by probable cause.

In August 2015, a panel of this Court held in *United States v. Graham*, 796 F.3d 332, 344-45, 360-61 (4th Cir. 2015), that the Government conducts a search under the Fourth Amendment when it obtains and inspects a cellular phone user's historical CSLI for

2

an extended period of time and violated the appellants' rights under that amendment by engaging in such a search without securing a warrant based on probable cause. This opinion, however, was vacated by this Court's grant of rehearing en banc on October 28, 2015, approximately two weeks before the authorization order in this case issued. *See* 4th Cir. R. 35(c) ("Granting of rehearing en banc vacates the previous panel judgment and opinion; the rehearing is a review of the judgment or decision from which review is sought and not a review of the judgment of the panel."); *United States v. Graham*, 624 F. App'x 75 (4th Cir. 2015) (Nos. 12-4659, 12-4825). On rehearing en banc, this court held that the Government does not violate the Fourth Amendment when it obtains historical CSLI from a cellular service provider without a warrant. *United States v. Graham*, 824 F.3d 421, 424-25 (4th Cir. 2016) (en banc). Later, in *Carpenter*, the Supreme Court made clear that the Government's acquisition of historical CSLI pursuant to the SCA was a search within the meaning of the Fourth Amendment. *Carpenter*, 138 S. Ct. 2206. *Carpenter*, however, did not involve real-time CSLI, and the Supreme Court explicitly declined to express a view on whether acquisition of real-time CSLI qualified as a Fourth Amendment search. *Id.* at 2220. As Hargett acknowledges, these cases demonstrate that, at the time the officers here obtained the authorization order and collected real-time CSLI, the law did not require a search warrant supported by probable cause to obtain that data.

"The exclusionary rule's 'sole purpose . . . is to deter future Fourth Amendment violations.'" *United States v. Chavez*, 894 F.3d 593, 608 (4th Cir.) (quoting *Davis v. United States*, 564 U.S. 897, 909 (1984)), *cert. denied,* 139 S. Ct. 278 (2018). Accordingly, "when investigators act with an objectively reasonable good-faith belief that their conduct is

3

lawful, the exclusionary rule will not apply." *Id.* (internal quotation marks omitted). "Objectively reasonable good faith includes 'searches conducted in reasonable reliance on subsequently invalidated statutes.'" *Id.* (quoting *Davis*, 564 U.S. at 239). Hargett does not, and cannot, deny that the officers here reasonably relied on the SCA and the authorization order to obtain the real-time CSLI. Accordingly, the good-faith exception to the exclusionary rule applies, and Hargett's claim for suppression must fail. *Id.*

Hargett also argues that the district court reversibly erred in admitting at trial the opinion testimony given by officers Lewis, Butler, and Corprew because the Government did not provide notice under Fed. R. Crim. P. 16(a)(1)(G) that these officers would be testifying as experts. Hargett further challenges the admission of Corprew's opinion testimony that, based on his training and experience, distributors of cocaine carried pistols, because this testimony was inadmissible expert profile evidence offered as substantive evidence of his guilt, in violation of *United States v. Jones*, 913 F.2d 174 (4th Cir. 1990), and *United States v. Simpson*, 910 F.2d 154 (4th Cir. 1990). Hargett did not alert the district court to the claims of error he makes on appeal, and our review of them is thus for plain error. *See Henderson v. United States*, 568 U.S. 266, 268 (2013). To qualify as "plain," an error must be "clear or obvious at the time of appellate consideration [under] the settled law of the Supreme Court or this circuit." *United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (internal quotation marks and citation omitted). Even in the presence of such error, this Court "may correct [it] only if it also affects substantial rights." *United States v. Garcia-Lagunas*, 835 F.3d 479, 493 (4th Cir. 2016) (internal quotation marks and

4

brackets omitted). "An error affects substantial rights in most cases if it affected the outcome of the district court proceedings." *Id.* (internal quotation marks omitted).

In *Jones*, this Court held that the district court abused its discretion by admitting "expert testimony of drug profiles as substantive evidence," stating that the use of drug courier profiles to establish the defendant's guilt by showing he had the same characteristics as a drug courier was impermissible. 913 F.2d at 177. In *Simpson*, this Court held that the district court abused its discretion under Fed. R. Evid. 403 in admitting testimony regarding a drug courier profile in a firearm prosecution. 910 F.2d at 156-58. In this case, by contrast, Corprew gave his opinion, based on his experience, as to why cocaine distributers carry pistols. Thus, Hargett's reliance on *Jones* and *Simpson* to claim that the admission of the challenged portion of Corprew's testimony was error is meritless, and no reversible plain error in this regard is present.

Hargett's Rule 16(a)(1)(G)[*] claim also fails under review for plain error. Hargett cannot establish that compliance with the expert disclosure requirements "would have so changed the defense's ability to cross-examine [Lewis, Butler, and Corprew] [such] that the trial would have come out differently." *Garcia-Lagunas*, 835 F.3d at 494-95.

Finally, Hargett contends that the district court erred in allowing the Government to reopen its case to admit the additional testimony from officer Lewis identifying the cellular

---

[*] This rule requires the Government to provide the defendant, on his request, with a written summary of any expert testimony it intends to use. Fed. R. Crim. P. 16(a)(1)(G). That summary also "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.*

phone number a cooperating informant informed Lewis Hargett used. We review a district court's decision to reopen a case to admit additional evidence for abuse of discretion. *United States v. Nunez*, 432 F.3d 573, 579 (4th Cir. 2005). In reviewing whether the district court abused its discretion in reopening a case to admit new evidence, we consider:

> (1) whether the party moving to reopen provided a reasonable explanation for failing to present the evidence in its case-in-chief; (2) whether the evidence was relevant, admissible, or helpful to the jury; and (3) whether reopening the case would have infused the evidence with distorted importance, prejudiced the opposing party's case, or precluded the opposing party from meeting the evidence.

*Id.* (internal quotation marks omitted).

Under the circumstances of this case, the district court did not abuse its discretion in permitting the Government to reopen its case. Contrary to Hargett's suggestion that the Government did not seek to reopen the case, Government counsel asserted he wanted the district court to reopen the record. Here, the Government reasonably explained that its failure to present the cellular number in its case-in-chief was inadvertent. Hargett does not contest the relevance or admissibility of Lewis' testimony or suggest he was surprised by it, and the testimony was helpful to the jury.

Hargett argues, however, that allowing the Government to present Lewis' testimony "in isolation"—after the Government had rested and Lewis otherwise had finished testifying—both imbued the evidence with outsized importance and prejudiced Hargett because he could no longer emphasize in closing that the Government had offered no evidence connecting him with the CSLI information on which Lewis relied. Although the jury could conclude from Lewis' belated testimony that the cellular device associated with

6

the number was involved in an operation to procure cocaine, Lewis also testified during reopening that the cellular number was not subscribed to Hargett. Hargett emphasized these points—along with Lewis' failure to identify the number in his initial testimony—in his closing argument. The record also was reopened before the close of the evidence (and the jury's commencement of deliberations), and Hargett was afforded the opportunity to cross-examine Lewis but did not do so.

Under these circumstances, we conclude that the reopening did not prejudice Hargett, deny him a fair opportunity to respond to the additional evidence, or imbue Lewis' testimony with distorted importance. *See United States v. Bayer*, 331 U.S. 532, 538 (1947) (noting that reopening of case to admit document four hours after jury had begun deliberating would be prejudicial to government because it "would then have had no chance to comment on it, summation having been closed," and to the codefendant who, "with no chance to cross-examine or to comment would be confronted with a new item of evidence against him"); *United States v. Paz*, 927 F.2d 176, 179 (4th Cir. 1991) (finding no abuse of discretion in district court's refusal to reopen case for defendant after both parties had presented proof, rested, made closing arguments, and district court rendered a verdict). We therefore conclude that, under the circumstances, the district court did not abuse its discretion in reopening the case. *Accord United States v. Gray*, 405 F.3d 227, 238 (4th Cir. 2005) (holding district court did not abuse its discretion in permitting Government to reopen case-in-chief to admit testimony when Government initially intended to present testimony but "inadvertently rested" without doing so; when testimony was relevant,

7

admissible, and helpful; when defendant had opportunity to cross-examine witness; and when there was no unfair surprise or risk of distorting importance of testimony).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*