**UNITED STATES of America, Appellee,**

v.

**Jardee CARTER, Appellant.**

**No. 89–2126.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1990.

Decided April 25, 1990.

---

George F. Tasseff, Bloomington, Ill., for appellant.

Patricia A. McGarry, St. Louis, Mo., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Jardee Carter was convicted of possession of cocaine with intent to distribute after federal agents made a controlled delivery of an Express Mail package. He appeals challenging the admission into evidence of a drug courier profile.[1] We affirm.

## I.

United States postal inspectors monitor Express Mail packages for narcotics. On December 19, 1988, an inspector at Lambert International Airport in St. Louis noticed a package addressed to Loretta Perry at a St. Louis address. The package had a Los Angeles return address, a "source" area for narcotics. The inspector ran a computer check to see if other packages had been mailed from the same address. There were recent past mailings and the inspector subsequently determined that the return address was fictitious. A dog was called in to sniff the package and reacted positively to it. A search warrant was obtained for the package. Inside was cocaine and a label with the handwritten names of Jardee Carter and Loretta Petty. A tracking device was placed in the package. The package was delivered to Loretta Petty at her apartment building. Carter entered the building, passing the departing inspector. Shortly thereafter, Carter left the building and proceeded to drive away. He was followed and was arrested after throwing the package out of his car.

## II.

At trial, the government's witnesses described the "Narcotic Mail Profile Program" as summarized above. Carter contends that the admission of testimony regarding the government's program was prejudicial.

Drug courier profiles are investigative tools, not evidence of guilt. The admission of a profile into evidence is "inherently prejudicial" and can easily influence a jury into thinking that the defendant is guilty. *United States v. Hernandez–Cuartas*, 717 F.2d 552, 555 (11th Cir.1983). Drug courier profiles are not to be admitted as substantive evidence of guilt. *Unit-*

---

1. He also challenges two aspects of his sentencing. First, he argues that he was not shown a copy of the pre-sentence report. The record shows that his counsel filed over forty objections to the report thirteen days before the hearing which produced subsequent amendments. Carter alleges that he was not shown the report until the morning of his sentencing hearing. We do not know if this is true, but even though defendants have a personal right to be made aware of the contents of the pre-sentence report, his claim fails because he has failed to demonstrate any possible prejudice. Second, Carter argues that he received ineffective assistance of counsel at sentencing. His counsel asked to be relieved after trial and the court denied the motion. At sentencing, the court asked Carter if Carter still wanted his lawyer to be relieved and Carter said no, though perhaps he was concerned that the court would continue with his sentencing without any representation. In either event, we fail to see any grounds for an ineffective assistance of counsel claim. Carter cannot point to any failure of counsel during sentencing.

*ed States v. Quigley,* 890 F.2d 1019, 1022–24 (8th Cir.1989). In this case, it was not necessary to establish the validity of the airport search of the package in front of the jury.

 The description of the government's program, however, was in this case harmless. There was overwhelming evidence of Carter's guilt. The package was opened and contained cocaine, together with his name. He was observed picking up the package and later throwing it out of his car. The package was retrieved and contained cocaine.

Accordingly, we affirm Carter's conviction and sentence.