IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1997 SESSION

**FILED**

**February 24, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9701-CR-00019 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Ann Lacy Johns, Judge |
| | ) | |
| WILLIAM AUBREY TROTTER, JR., | ) | (Possession of cocaine with intent to sell) |
| | ) | |
| Appellant. | ) | |

## CONCURRING OPINION

I concur in the results and most of the reasoning of the majority opinion. I question only its analysis of the officers' testimony regarding specific characteristics of a drug seller as opposed to a drug user. To me, this opinion evidence -- to the effect that particular traits distinguish a drug seller from a drug user -- essentially presents a profile. I do not believe that a profile should be admissible as substantive evidence to prove that a particular defendant is guilty of drug dealing.

First, I note that the trial court in this case actually found that the testimony was admissible because the officers had special knowledge based upon their long experience in drug investigations. Although the trial court refused to call the officers experts, its determination was obviously pursuant to Rule 702, Tenn. R. Evid., which deals with expert opinions and allows opinion evidence that substantially aids the jury and is based upon specialized knowledge from the witness' experience and training. Thus, although the defendant claims that Rule 701, Tenn. R. Evid., dealing with lay witness opinions is at issue, and the majority opinion primarily analyzes the testimony as lay witness opinions, I view the issue to start with a Rule 702 analysis.

Moreover, a probative value versus potential prejudice analysis should follow because a drug profile carries little probative value that a particular defendant is guilty. In fact, the majority of the cases dealing with profile evidence have concluded that the evidence is inadmissible as substantive evidence of a particular defendant's guilt because of this reason. See, e.g., United States v. Jones, 913 F.2d 174, 177 (4th Cir. 1990); United States v. Williams, 957 F.2d 1238, 1241-43 (5th Cir. 1992); United States v. Carter, 901 F.2d 683, 684-85 (8th Cir. 1990); United States v. Lui, 941 F.2d 844, 847-48 (9th Cir. 1991); United States v. Hernandez-Cuartas, 717 F.2d 552, 555 (11th Cir. 1983); State v. Walker, 891 P.2d 942, 947-48 (Ariz. Ct. App. 1995); People v. Hubbard, 530 N.W.2d 130, 132-33 (Mich. Ct. App. 1995); State v. Williams, 525 N.W.2d 538, 547-48 (Minn. 1994).

Although I agree with the majority opinion to the extent it reflects that expert evidence may substantially assist a jury in understanding how a seemingly innocent action by a defendant is a technique used by drug dealers in drug trafficking, the testimony in the present case went well beyond such particulars. However, there is no need to concern ourselves with an in-depth analysis. This is because profile characteristics were first raised by the defendant in his cross-examination of Officer Dupie in an attempt to show that the defendant did not meet the characteristics of a drug dealer. Under these circumstances, the testimony elicited by the state regarding drug dealer characteristics that appeared to match the defendant were proper responses to the evidence elicited by the defendant. Therefore, I concur in the results reached by the majority opinion.

_____
Joseph M. Tipton, Judge

2