**UNITED STATES of America,
Appellee,**

v.

**Salvatore GRAVANO, also known as
Sammy the Bull, Defendant–
Appellant.**

No. 02–1536.

United States Court of Appeals,
Second Circuit.

Dec. 15, 2003.

Anthony L. Ricco (Steven Z. Legon, on the brief), New York, NY, for Appellant.

Emily Berger, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Linda A. Lacewell, Assistant United States Attorney), Brooklyn, NY, for Appellee, of counsel.

PRESENT: SOTOMAYOR, WESLEY, Circuit Judges, and POLLACK, District Judges.*

*SUMMARY ORDER*

Defendant-appellant Salvatore Gravano was charged and convicted of conspiracy to distribute and possession with intent to distribute MDMA ("ecstasy"), in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(c). Gravano was sentenced to twenty years' imprisonment, lifetime supervised release, a $100,000 fine and a $100 special assessment. At sentencing, the district court departed upward based on Gravano's criminal history. On appeal, Mr. Gravano chal-

---

lenges the upward departure, arguing that the criminal history enhancement from category II to category V was unreasonable and violated due process of law.

We review a district court's upward departure for abuse of discretion. *United States v. Guzman*, 282 F.3d 177, 182 (2d Cir.2002). In so doing, we apply a three-part test:

> First, we determine whether the reasons articulated by the district court are of a kind or a degree that may be appropriately relied upon to justify the departure. Second, we examine whether the findings of fact supporting the district court's reasoning are clearly erroneous. Finally, we review the departure for reasonableness, giving considerable deference to the district court.

*Id.* (quoting *United States v. Khalil*, 214 F.3d 111, 124 (2d Cir.2000) (internal quotation marks and citations omitted)).

In determining that an upward departure was appropriate, the district court concluded that: (1) Gravano's relatively low criminal history category stemmed principally from the consolidation of his past violent conduct into one charging instrument and one sentence; (2) Gravano's sentence, imposed in 1994, was extremely lenient because of his substantial assistance to the government; and (3) Gravano's criminal history category substantially underrepresented his past criminal history and the likelihood of future criminal conduct.**

The rationale provided by the district court to support its upward departure fully comported with the United States Sentencing Guidelines and has been recognized in this Circuit. The district court based its upward departure, in part, by analogizing to U.S.S.G § 4A1.1(f), which allows a court to add one criminal history point for each prior sentence resulting in a crime of violence that did not otherwise receive points because it was related to a sentence resulting from a conviction of a crime of violence. An upward departure based on such an analogy is clearly encompassed by the Guidelines. *See* U.S.S.G § 4A1.2 comt. (n.3) (allowing an upward departure where a defendant is convicted of a number of crimes that were committed on different occasions but consolidated for sentencing). This court has also recognized an upward departure where the criminal history category is not correctly reflected as a result of a prior consolidated sentence. *See United States v. Bauers*, 47 F.3d 535, 538 (2d Cir.1995). Under U.S.S.G. § 4A1.3(e)(5) an upward departure is warranted where a defendant had also previously received an extremely lenient sentence for a serious crime. Finally, a court may depart upward or downward from the sentencing recommended in the United States Sentencing Guidelines if reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood of future criminal conduct. *See* U.S.S.G § 4A1.3. We have previously held that where a defendant's criminal history category fails to accurately reflect the high risk that the defendant will commit future crimes, a district court's decision to upward depart is warranted. *United States v. Sturgis*, 869 F.2d 54, 57 (2d Cir.1989).

Under the facts presented here, the district court's conclusion that Gravano's criminal history warranted an upward departure from criminal history category II to V was reasonable and not an abuse of discretion.

---

** At the sentencing in this earlier proceeding, Gravano admitted to committing, *inter alia*, the following acts: (1) conspiracy to murder and the murder of at least nineteen people, (2) running an illegal gambling organization, (3) participating in a loan-sharking conspiracy, and (4) obstruction of justice in two separate criminal trials.

We have considered all of Gravano's remaining arguments and find that they are without merit. Accordingly, the sentence of the district court decision is AFFIRMED.